JOSEPH H. BROWN ET AL. v. TEXAS CACTUS HEDGE CO.

(Case No. 5868.)

1. JURISDICTION.— Though the United States Revised Statutes, sec. 629, provide that the circuit courts of the United States have original jurisdiction of all suits at law or in equity arising under the patent or copyright laws of the United States, yet when, in determining rights involved in a suit pending in a state court, a question involving the validity of a patent arises incidentally or collaterally, the state court has power to decide it. Following Nash v. Lull, 102 Mass., 62; Rich v. Hotchkiss, 16 Conn., 409; David v. Park, 103 Mass., 502, and other cases cited in the opinion.

2. VOID PATENT.— See opinion for allegations in pleading, which, if true, established the fact that a patent issued from the United States patent office, to make cactus hedges, was issued without authority of law, and was void.

3. FRAUDULENT CONVEYANCE.— A purchaser from one who sold with intent to delay, hinder or defraud creditors must, as against such creditors seeking to subject the property to payment of their debts, show that he paid a valuable consideration, and that he was not chargeable with notice of the fraudulent intent.

4. SAME.— Though such purchaser was not chargeable with notice of the fraudulent intent of his vendor, yet if he did not pay a valuable consideration, no title passed as against such creditors. A void patent would constitute no consideration, and if void, both the contracting parties would be chargeable with notice of its invalidity.

5. FRAUD — INADEQUACY OF CONSIDERATION.— Inadequacy of consideration paid for specific articles is, when fraud is charged, always a circumstance to be considered in determining the question of good faith.

APPEAL from Johnson. Tried below before the Hon. Jo. Abbott.

October 2, 1882, appellee brought this suit against appellants, to recover damages for an alleged wrongful seizure and sale of a part

of a stock of groceries, claimed to have been purchased by appellee from William Price.

Appellants answered and claimed that Price was greatly involved, in failing circumstances, and that he sold the stock of groceries to appellee for the purpose and with the intent to hinder, delay and defraud creditors, and appellee knew, or ought to have known, of such intent. Also, that appellee was not a purchaser in good faith, because it did not pay value, etc.

Appellee specially excepted to the answer, as is shown in the opinion, which was sustained.

Judgment for appellee in the sum of $540, and costs.

*Brown, Ramsey & Crane,* for appellants, cited: Earl *v.* Page, 26 Am. Dec., 711; Pennock *v.* Dialogue, 2 Pet., 1; Curtis on Patents (4th ed.), 667, 670, 680; id., sec. 1; McCoy *v.* Burr, 47 Am. Dec., 441.

That the patent could be attacked collaterally, they cited: Kent's Commentaries, vol. 2, p. 368, n. 6; Nash *v.* Lull, 102 Mass., 63, 64; Rich *v.* Hotchkiss, 16 Conn., 409.

No briefs on file for appellee.

WATTS, J. COM. APP.— This is a suit by appellee to recover damages for an alleged wrongful levy and sale of merchandise under a writ of attachment. The case as made may be summarized as follows: Price, a merchant at Cleburne, was indebted to appellant Brown, a merchant at Forth Worth, for goods purchased and delivered. About the 20th of September, 1882, the appellee purchased Price's entire stock of groceries at the agreed price of $1,117.45; and it seems, though not clearly shown by the record, that on September 22, 1882, Brown instituted suit against Price in the county court of Johnson county, and at the same time applied for and obtained the issuance of an attachment, which was levied upon a portion of the stock sold by Price to appellee, and upon which the attachment lien was subsequently foreclosed and the property sold. This suit is by appellee for the recovery of damages, claiming the property by reason of the purchase from Price, and that the seizure and sale were wrongful.

Appellants replied, among other defenses, that Price was insolvent and in failing circumstances at the time of the pretended purchase by appellee, and that this was known or might have been known to appellee at the time by the exercise of reasonable diligence. Also

that appellee was not a purchaser for value, for that it gave to Price in exchange for the property an interest in a pretended patent right, for making or selling the right to make cactus hedges. It is averred that the cactus is indigenous, growing spontaneously in this state, and had been commonly used by the people for hedges, in the same manner as provided for in the purported patent, for more than two years before the application was made or the patent issued. That it was not a new and useful invention or discovery, and that therefore the patent was void, and constituted no consideration whatever for the property.

To this defense appellee specially excepted upon various grounds, amongst others that the validity of the patent could not be collaterally attacked in a state court, the federal courts having exclusive jurisdiction. Also that appellants could not thus impeach the consideration paid by appellee to Price for the property.

These exceptions were sustained by the court, and that ruling is assigned and relied upon as sufficient error to require the reversal of the judgment.

All questions relating to the infringement of, as well as suits for the annulment or cancellation of patents, are cognizable in the circuit courts of the United States. The Revised Statutes of the United States, sec. 629, provide that "The circuit courts shall have original jurisdiction as follows, etc.:

"Ninth. Of all suits at law or in equity arising under the patent or copyright laws of the United States."

But it by no means follows from this provision of the statute, that the state courts have no power to adjudicate and determine questions relating to patents, which arise incidentally or collaterally as defensive matter in suits.

While there is some conflict in the adjudicated cases upon the point, still the great weight of authority is that where such questions arise incidentally or collaterally in suits pending in state courts, that such courts have the power and authority to adjudicate and determine the same. Nash v. Lull, 102 Mass., 62; Rich v. Hotchkiss, 16 Conn., 409; Sherman v. Transportation Company, 31 Vt., 174; David v. Park, 103 Mass., 502; Slemmer's Appeal, 58 Pa. St., 155; Middlebrook v. Broadbent, 47 N. Y., 445; Rice v. Garnhart, 34 Wis., 460; Teas v. Albright, 13 Fed. Rep., 414; Merserole v. Paper Collar Co., 6 Blatch., 358; Bliss v. Negus, 8 Mass., 46; Cross v. Huntly, 13 Wend., 385; Head v. Stevens, 19 Wend., 411; Dickinson v. Hall, 14 Pick., 217.

By section 4886, Revised Statutes of the United States, it is provided that "Any person who has invented or discovered any new

and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof, not known or used by others in this country, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, and not in public use or on sale for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceedings had, obtain a patent therefor."

Applying this section of the statute to the averments of the answer to which the exceptions were sustained, and it would seem to admit of no question but that the patent was issued without authority of law. All the averments contained in the answer to which the exceptions were taken must, for the purposes of the exception, be accepted as true.

It is averred that the process or method of planting, etc., cactus hedges as described in the patent had been in common use in the state of Texas for more than two years before the application. And in the second place, that it was not either a new or useful invention or discovery.

Assuming the truth of these allegations, it would seem to admit of no question but that the patent is void. Dickinson v. Hall, 14 Pick., 220; Lowell v. Lewis, 1 Mason, 183; Bedford v. Hunt, id., 303; Earle v. Sawyer, 4 Mason, 6; Kneass v. Schuylkill Bank, 4 Wash. C. C., 9; Corning v. Burden, 15 How. (U. S.), 270; Stow v. Chicago, 104 U. S., 547; Crouch v. Roemer, 103 U. S., 797; Pearce v. Mulford, 102 U. S., 116.

It is historical, and a matter of common knowledge, that the cactus has been used for hedging for over two hundred and fifty years. Some time prior to 1650, when the French and English divided between them the island of St. Christopher, a hedge consisting of three rows of cactus was planted as a boundary. New American Cyclopedia, vol. 4, " Cactus."

But as to whether the methods described in the patent for utilizing the cactus for hedging are new and useful must be determined from the evidence.

However, it is claimed that if it should be conceded that the patent is void, nevertheless, as Price accepted it as a consideration for the property, appellant is concluded by that acceptance.

According to the averments in the answer, Price was at the time of the purchase by appellee in failing circumstances, and largely indebted to appellant Brown and others, and that he sold the property to appellee for the purpose of hindering, delaying and defrauding

his creditors, and that appellee knew or ought to have known of this fraudulent intent at the time of the purchase. And further, that appellee was not a purchaser in good faith, for that it did not pay a valuable consideration for the property.

Our statute provides that all gifts, conveyances, assignments or transfers of real or personal property, made to hinder, delay or defraud creditors, etc., shall be void as to such creditors, etc., but that this shall not affect the title of purchasers for a valuable consideration, unless they are chargeable with the fraudulent intent of the debtor. R. S., art. 2465.

It will be observed that this section denounces as void sales, etc., made to hinder, delay and defraud creditors; but where the purchaser has paid a valuable consideration, without notice of such intent upon the part of his vendor, he is relieved from the effect of that denouncement.

If, as claimed, Price made the sale to appellee with the intent to delay, hinder and defraud his creditors, then, to authorize appellee to hold the property as against these defrauded creditors of Price, it must be made to appear that appellee paid a valuable consideration for the property, and besides was not chargeable with notice of Price's fraudulent intent.

Even though appellee had paid full value for the property, still if it is chargeable with notice that Price intended by the sale to defraud his creditors, the sale would be held void as to such creditors. And on the other hand, even though it is not chargeable with notice of Price's fraudulent intent, as averred, in making the sale, still, if appellee did not pay a valuable consideration for the property, the sale would fall under the condemnation of the statute, and would be held void as to creditors.

If, as averred in the answer, the patent is void, then appellee as well as Price would be chargeable with notice of that fact; and that being true, the only consideration paid by appellee for the property would be the amount of money paid by it to Price. Inadequacy of consideration would be a circumstance to be considered by the jury in the determination of the question of good faith in making the purchase.

Appellant also claims that appellee was not authorized by its charter to purchase the stock of groceries, and therefore the purchase was *ultra vires*. A sufficient answer to this objection is, that the terms of the charter are not disclosed by the record, and hence we cannot determine the extent of the expressed and necessarily implied powers granted by the charter.

The other questions as presented will not be considered, as the errors complained of are such as may not occur upon another trial.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 16, 1885.]