### KATE LEE WALLIS v. ADOUE & LOBIT.

No. 2672.

**Fraudulent Mortgage.**—An insolvent debtor executed a mortgage upon personal property to creditors to secure $4500 of indebtedness and $1000 advanced by them at the time, the creditors well knowing the insolvency of the debtor. *Held,* that such mortgage was fraudulent as to other creditors.

APPEAL from Galveston.　Tried below before Hon. Wm. H. Stewart. The opinion contains a statement.

*Davis & Davidson,* and *F. D. Minor,* for appellant, cited Allen v. Carpenter, 66 Texas, 140; Oppenheimer v. Halff, 68 Texas, 413; Blum v. McBride, 69 Texas, 60; 3 Wait's Act. and Def., 469, 470; Wait on Fraud. Con., sec. 371; Tate v. Liggett, 2 Leigh, 84; Seeligson v. Brown, 61 Texas, 182; Bryant v. Kelton, 1 Texas, 415; Cannon v. Cannon, 66 Texas, 682; Earle v. Thomas, 14 Texas, 583; Dodd v. Arnold, 28 Texas, 101; Hudson v. Morriss, 55 Texas, 595; Railway v. Greenlee, 62 Texas, 346; Andrews v. Smithwick, 20 Texas, 111; Wegner v. Biering, 65 Texas, 506; Blum v. Simpson, 66 Texas, 84; McKinnon v. Lumber Co., 63 Texas, 31; Cox v. Miller, 54 Texas, 17; Edmundson v. Silliman, 50 Texas, 106; Stadtler v. Wood, 24 Texas, 622.

*Waul & Walker,* for appellees. — A mortgage to a creditor who takes security on property of a value reasonably proportionate to his debt will be upheld, though he knew of the insolvency of his debtor and of his intent to hinder and delay other creditors.　Smith v. Whitfield, 67 Texas, 124; Ellis v. Valentine, 65 Texas, 532; Lewy v. Fischl, 65 Texas, 311.

HOBBY, JUDGE.—Adoue & Lobit, who were bankers in the city of Galveston, sued R. P. Sargeant and Geo. Anderson, who, under the firm name of Sargeant & Co., were engaged in the drayage business in the same city, to secure a debt of about $6500 and to foreclose as against them and appellant two mortgages, conveying the personal property described in the petition, given to secure said debt.　The mortgages were executed respectively on June 3 and December 16, 1886.

No defense was made by Sargeant & Co.　It was alleged that appellant had purchased the mortgaged property at an execution sale under a judgment in her favor, rendered in the District Court of Galveston County against R. P. Sargeant, and that she had actual and constructive notice of appellees' lien.

Appellant Kate Lee Wallis answered, alleging an indebtedness to her by Sargeant prior to and since the execution of the mortgages; and the recovery of a judgment by her against him in the District Court of Galveston County for about $3021.98 on November 22, 1886, and the purchase of the mortgaged property under execution issued on said judgment April 4, 1887; and that the mortgages executed to appellees were fraudulent, etc.

It appears from the evidence that there had been frequent and extensive business transactions between the firm of Sargeant & Co. and appellees from August, 1885, up to and including the time of the execution of the mortgages, resulting in an indebtedness to appellees on June 3,

1886, of about $5300. The mortgage of that date was executed to secure a note for $1000, which sum was then advanced to Sargeant & Co. Although the latter firm were largely in debt to appellees at that time, only the $1000 mentioned was secured by the mortgage. On the 16th of December, 1886, the indebtedness of Sargeant & Co. to appellees had reached the sum of about $9269.96, and a second mortgage was executed, which appears to have taken the place of the former. This latter mortgage, however, secured only the sum of $5500, consisting of two notes, one for $3000 and one for $2500. One thousand dollars of this indebtedness consisted of that amount paid to Sargeant & Co. on that day, December 16, 1886, and the balance, $4500, was money owing to appellees by Sargeant, which accrued between June 3 and December 16, 1886. The property embraced in the second mortgage was the same as that conveyed in the mortgage of June 3, 1886, with the addition of eight mules, seven floats and harness, and one dray and harness.

There was testimony to the effect that the property mortgaged was not equal in value to the amount of Sargeant & Co.'s indebtedness to appellees, and there was evidence that it exceeded it in value. The outside cash value of the property, one witness testified, was $4750. The proof showed that appellees knew of the insolvency of the firm of Sargeant & Co.

On May 28, 1886, appellant filed suit in the District Court of Galveston County against R. P. Sargeant and others on a bond to recover $3000. He was cited to answer on May 29, 1886, and in November, 1886, she recovered judgment for $3021.98.

Appellant claims title to the mortgaged property by virtue of a sale under the foregoing judgment in March, 1887.

There are but two assignments of error presented in the brief of appellant which we regard as necessary to be considered. The question embraced in these is, in our opinion, decisive of this appeal.

The fifth assignment is that the court erred in charging the jury as follows: "As to the notes of 16th of December, 1886, for $3000 and for $2500, and the mortgage of 16th December, 1886, given to secure their payment, I charge you that if, in addition to the $1000 note, Sargeant was actually indebted to Adoue & Lobit the amount of said two notes for an indebtedness theretofore existing. then the said two notes and mortgage of 16th of December, 1886, would be valid, although Adoue & Lobit may have known of Sargeant's insolvency, and although the effect of the mortgage would necessarily defeat or delay Kate Wallis in the collection of her judgment, as Sargeant had a legal right to secure one creditor to the hindering, delay, or defeat of other creditors, and would entitle Adoue & Lobit to a verdict for the amount due on said two notes and interest, and foreclosure of the mortgage of 16th of December, 1886, against Sergeant, and Anderson, and Wallis. But if you believe from the evidence that at the time of the execution of said two notes and mortgage of 16th

of December, 1886, Sargeant was not indebted to Adoue & Lobit said $2500 and $3000 for past indebtedness then owing by Sargeant to plaintiff, then said mortgage would be fraudulent in law as to Kate Wallis."

The third subdivision of the eleventh assignment is that the court erred in overruling appellant's motion for a new trial, because " it appeared from the evidence that the notes and mortgage of December 16, 1886, were for moneys actually advanced upon that date, and not for an indebtedness theretofore existing."

The uncontradicted evidence supported the negative of the issue correctly submitted to the jury in the charge—that is to say, the fact was disputed that the two notes, for $3000 and $2500, respectively, referred to in the charge, did not represent past indebtedness due the appellees. But $4500 only of such indebtedness was embraced in these notes; the balance, $1000, was paid in cash to Sargeant & Co. by appellees upon the execution of the mortgage. So standing the proof, and the law having been correctly announced in the above charge, it follows necessarily that the verdict finding the mortgage valid was against the law and the evidence.

Under these instructions and the testimony, which, as we have said, was conflicting upon this issue, the verdict should have been that the mortgage was fraudulent as to appellant.

The question is raised in the assignments mentioned, and for the error indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted February 4, 1890.