### COMPTON, AULT & CO. v. JOHN T. MARSHALL.

No. 185.

1.  **Case Adhered to.**
    Bank of California v. Marshall, 1 Texas Civil Appeals, 704, and approval by this court on refusing application for writ of error in unpublished opinion, adhered to. (The entire opinion on refusal of the writ is reproduced in the opinion) ...... ............................................... 52

2.  **Mortgage of Goods by a Debtor.**
    A deed of trust in the nature of a mortgage, transferring goods, executed by an insolvent debtor to a trustee for the benefit of preferred creditors—the trustee to carry on the business, but the stock to be cashed and trust executed within three months—the goods so transferred being less in value than the amount of preferred creditors, held valid against attack of other attaching creditors ................................................. 53

3. **Fraudulent Conveyance—Burden of Proof.**

A creditor attacking a chattel mortgage preferring other creditors, alleging fraud in the mortgage, either that the claims secured were fictitious, or the property transferred was in value in excess of the claims secured, must prove such allegations. The burden of proof is upon the creditor alleging fraud ... ......................................................... 53

4. **Surrender or Exchange of Sureties by Creditor.**

That a creditor preferred in a deed of trust surrendered to the mortgagor overdue claims held as security did not invalidate the transfer. The claims being overdue, were not withdrawn beyond the reach of other creditors by garnishment ........................................................ 54

ON REHEARING.

5. **Mortgage by Insolvent Debtor.**

A debtor, though insolvent, has the right under our law to execute in good faith a mortgage to secure one or more of his creditors, and thereby to give a preference. Such an instrument, therefore, which does not by its terms disclose a fraudulent intent, is legal upon its face, and should be held, in the absence of proof to the contrary, to confer the right it purports to confer ... ........................................ ................................ 57

6. **Burden of Proof of Fraud.**

An attaching creditor levying upon property transferred to a trustee for benefit of named creditors, in a contest as to the ownership of the property, can not, by alleging fraud, cast the burden of disproving the charge upon the trustee from whose possession the attached goods were taken under the writ of attachment ........................... ...:........:...................... 59

ERROR to Court of Civil Appeals for Third District, in an appeal from McLennan County.

*H. C. Lindsay,* for plaintiffs in error.—Appellants having shown an antecedent debt against Eaton, Guinan & Co., and having alleged that the deed of trust was made with intent to hinder and delay the creditors of said Eaton, Guinan & Co., and especially appellants, it was incumbent on defendant to show the genuineness and validity of the debts secured by said deed of trust. The genuineness of the debt to the Waco State Bank, if the said bank at the time surrendered a large lot of collaterals to Eaton, Guinan & Co., knowing at the time of their embarrassed condition or insolvency, would not make the trust deed valid. Tillman v. Heller, 78 Texas, 597; Elser v. Graber, 69 Texas, 222; Wallis v. Adoue, 76 Texas, 118; Wait. on Fraud. Con., secs. 201, 271; Bump on Fraud. Con., 415.

*Clark, Dyer & Bolinger* and *W. W. Evans,* for defendant in error.

1. The court did not err in rendering judgment for the defendant in this cause, because it was competent for Eaton, Guinan & Co., if they were indebted to the persons named in the deed of trust in this cause, to make a chattel mortgage or deed of trust securing such creditors, provided said chattel mortgage was intended as a security securing said creditors; and providing further, that the trustee take the immediate, sole, and exclusive possession of the property conveyed to him

under said deed of trust to secure said creditors; and provided further, that said deed of trust was acknowledged and recorded as required by law; and it was competent for said Eaton, Guinan & Co. to make said deed of trust securing their said creditors, irrespective of whether they were solvent or insolvent at the time of executing the same.   Hudson v. Milling Co., 79 Texas, 401; Hardware Co. v. Kaufman & Runge, 77 Texas, 131; Styles v. Hill, 62 Texas, 430; Jackson v. Harby, 65 Texas, 710; Waterman v. Silberberg, 67 Texas, 100; Dupuy v. Burkitt, 78 Texas, 338; Reagan v. Aiken, 138 U. S., 109; Bump on Fraud. Con., 59; Baldwin v. Peet, 22 Texas, 718.

2.   The appellants, as plaintiffs in the court below, having alleged that the indebtedness of Eaton, Guinan & Co., secured by the deed of trust made by them to the defendant, was fictitious and fraudulent, it devolved on them to prove said fact, and not upon the defendant, a mere trustee, to disprove it.   The acknowledgment of said Eaton, Guinan & Co. of such indebtedness in said deed of trust, in the absence of any showing that the same was fraudulent and fictitious, established the genuineness of such indebtedness prima facie, and the burden of proof was on plaintiffs to show that said debt was not bona fide and was fictitious under his pleading.   The acknowledgment of the same in said deed of trust as made by Eaton, Guinan & Co. to the defendant, at least prima facie established the genuineness of said indebtedness.

GAINES, ASSOCIATE JUSTICE.—This was a proceeding for the trial of the right of property in certain goods which were levied upon by virtue of a writ of attachment in favor of plaintiffs in error against Eaton, Guinan & Co., as the property of the latter, and which were claimed by the defendant in error.   The goods at the time of the seizure were in the possession of the claimant.   He asserted title to the property under a deed in trust executed by Eaton, Guinan & Co., the defendants in the attachment, to him as trustee, for the purpose of securing certain creditors therein named.

In the case of the Bank of California v. Marshall, 1 Texas Civil Appeals, 704, the validity of this identical instrument was called in question, and it was held not void upon its face; and the judgment in favor of the trustee was affirmed.   From that judgment of affirmance the appellant made an application to this court for a writ of error, which was refused.   A motion for a rehearing of the application was filed, which was also overruled.   It thus appears that the ruling that the deed of trust in question was not void upon its face was affirmed by this court, and we now adhere to that ruling.   The Court of Civil Appeals having rested their opinion upon the ground that the unsecured creditors were not delayed, because the goods were clearly insufficient to pay those who were preferred, it was insisted, in the motion for a rehearing, that the facts as agreed upon did not justify the court's conclusion as to the relative value of the goods and the amount of the secured debts.   In disposing of that motion, this court in a writ-

ten opinion by the chief justice say: "The trust deed was not void upon its face, and if it does not appear from the agreed case that the property conveyed was worth much less than the debts intended to be secured by it, the burden of proof was on the plaintiff, who is now the applicant; and the same result in the absence of proof would follow, as though the fact assumed by the Court of Civil Appeals was shown to have existed." (This opinion was filed April 17, 1893, and seems not to have been officially published.)

The plaintiffs in error in their tender of issues in the trial court averred, among other things, that the deed of trust was fraudulent, and that the trustee had notice of the fact; and that the debts secured by it were fictitious. As one of the grounds of the application for the writ of error, it is insisted, that there being, with the exception of one claim, no evidence as to the existence of the debts secured by the trust deed save the recitals in the instrument itself, as found by the Court of Civil Appeals, that court erred in finding that the debts existed. It is also insisted, that the Court of Civil Appeals erred in holding that the burden was upon the plaintiffs to show the nonexistence of the debts. The court was clearly correct in the latter ruling. The deed of trust not being void upon its face, it was incumbent upon the parties who alleged that it was fraudulent, to prove the fraud. If the debts intended to be secured by it were fictitious, the burden was upon the plaintiffs in error to show the fact. If the goods were worth more than the preferred debts, and by the terms of the deed other creditors were delayed in subjecting the surplus to the payment of their demands, the plaintiffs in error should have alleged and proved these facts. In the absence of extrinsic testimony sufficient to show the trust deed fraudulent in fact, the trustee had the right to hold possession of the property, and was therefore entitled to a judgment in his favor in this proceeding.

It appears that at the time the deed of trust was executed, the Waco State Bank, one of the preferred creditors, held notes, accounts, and acceptances belonging to Eaton, Guinan & Co., as collaterals to secure the debt due them by that firm; and that, as a part of the agreement between the bank and the mortgagors, these collaterals were to be returned to the latter, and that this was accordingly done. It was not shown that any of the collaterals were unmatured negotiable paper. The Waco State Bank had the right, with the assent of the mortgagors, to hold the collaterals and to accept a mortgage as additional security. They had the right to accept one security in consideration of the release of another, provided other creditors were not delayed by the transaction. The attaching creditors not having shown in this case that any of the collaterals were negotiable, and therefore not subject to garnishment, they can not justly complain of their surrender. The collaterals not appearing to have been such as were beyond the reach of the creditors of Eaton, Guinan & Co. while in the hands of the lat-

ter, we can not see that their restoration to the pledgors upon the execution of the deed of trust rendered that instrument fraudulent in law.

The judgment of the Court of Civil Appeals and that of the District Court are affirmed.

*Affirmed.*

Delivered June 21, 1894.

### IN MOTION FOR REHEARING.

*H. C. Lindsay,* for plaintiffs in error, urged: The question of law that is presented for the consideration and determination of the court in this case is directly raised, and is a clear one. It is this: When an insolvent debtor makes a deed of trust of all his property, securing persons whom he alleges to be his creditors, in a contest between an attaching creditor of such insolvent and the trustee or beneficiaries claiming under said trust deed, on whom lies the burden of proof as to the validity of the debts attempted to be secured?

Counsel contends that there can be but one answer to such question, and that is, on the trustee, or beneficiaries under the trust deed.

The above question is the point involved in the case of plaintiffs in error, and they ask the decision of the court in their favor thereon.

Another statement of the same question is this: As between one who has shown his equities, and one who claims equities as a bona fide purchaser for value, on whom lies the burden of proof to show the equities of the latter?

This point has been decided a great many times by this court, beginning in the very first volume reporting its decisions, and running down to the present time; and every time the decision has been in consonance with the views now urged by counsel for plaintiffs in error. In support of this assertion of counsel, the court is cited to the following cases: Crosby v. Huston, 1 Texas, 203; Briscoe v. Bronaugh, 1 Texas, 325; Edrington v. Rogers, 15 Texas, 188; Cox v. Shropshire, 25 Texas, 113; Hawley v. Bullock, 29 Texas, 216; Brown v. Texas Cactus Hedge Co., 64 Texas, 396; Wallis v. Adoue, 76 Texas, 118; Tillman v. Heller, 78 Texas, 597; Simon v. Ashe, 1 Texas Civ. App., 202; Watkins v. Edwards, 23 Texas, 443; Wait on Fraud. Con., sec. 220, p. 311; 2 Whart. on Law of Ev., secs. 1041, 1042; 1 Greenl. on Ev., sec. 72; 2 Cobby on Chat. Mort., sec. 756, p. 967; Hardware Co. v. Davis, 27 S. W. Rep., 72; Lott v. Achilles, 27 S. W. Rep., 587; Savings Bank v. McDonnell, 18 Am. St. Rep., 137; Strom v. Hayes, 70 Ill., 111; Haynes v. Leffing, 40 Mich., 602; High v. Battle, 10 Yerger, 333; Jewett v. Palmer, 7 Johns. Ch., 65; Williams v. Hollingsworth, 9 Strobh. Eq. Rep., 103; Childs v. Hord, 9 S. E. Rep., 362; Weber v. Rothchild, 3 Am. St. Rep., 162; Bolton v. Johns, 5 Pa., 151; Hancock v. Horan, 15 Texas, 512.

## ON APPLICATION FOR REHEARING.

GAINES, CHIEF JUSTICE.—In support of the motion for a rehearing in this case, counsel for plaintiffs in error has presented a formidable array of authorities to sustain the proposition that the burden was upon defendant in error to show the validity of the debts which the mortgage purported to secure. We are not satisfied with our ruling upon the point. Accordingly the motion for a rehearing is granted, and the submission of the case is set aside, with request that counsel for defendant in error furnish the court with a citation of authorities in support of the counter-proposition. The cause will be set down for resubmission on the 10th day of January, 1895, and will be heard on that day unless another day be agreed upon by counsel.

Delivered December 3, 1894.

*John L. Dyer,* for defendant in error.—In response to the request of the court, contained in its order granting a rehearing in this cause, counsel for defendant in error begs leave to submit the following abstract of points and authorities in support of the decision of the Court of Civil Appeals in this case (25 Southwestern Reporter, 441), and in the opinion of this court affirming the judgment of said Court of Civil Appeals (27 Southwestern Reporter, 121). And defendant in error submits the following counter-propositions:

1. The burden was not, in this character of case, upon the defendant in error to show the validity of the debts which the chattel mortgage secured herein, for the following express reasons:

First. Because this was an action, under the statute for the trial of right of property, by the defendant in error, as a mere naked trustee, holding the property for the benefit of the beneficiaries whose debts were secured, and as the plaintiff in error, in his pleadings or tender of issues, affirmatively charged that the debts were fictitious, the burden on this issue, in this character of case, should be imposed on the plaintiffs in error; and for the reasons: (1) the beneficiaries in the mortgage were not before the court, other than by the trustee, to prove their indebtedness; (2) because it must be presumed in this case, in the absence of any such question raised to be passed upon, that the creditors as such, secured by the mortgage, had duly accepted same to secure their debts; (3) and the deed of trust, or mortgage containing the admission of the mortgagors that they owed such debts, with the presumption of the acceptance of the mortgage by the beneficiaries therein, relieved the trustee from making further investigation concerning the validity of such secured debts, so far as he stood in relation to such trust; and (4) he, the trustee, having no superior knowledge of such indebtedness (occupying the position of a mere trustee) to the plaintiffs, or means of knowledge respecting the validity of the same, would certainly not cause plaintiffs' averment that the secured

debts were "fictitious," and therefore fraudulent, to be taken as true, as contended for by counsel for plaintiffs in error. However the rule might be in a direct contest with the mortgagee before the court when his debt might be thus assailed, certainly the rule is otherwise in such a case as this. And for this reason this court and the Court of Appeals held rightly that the burden was upon the plaintiffs in error, who had alleged the affirmative fact, that the debts secured were fictitious, to prove such fact. Montgomery v. Culton, 18 Texas, 745; Bump on Fraud. Con., 2 ed., p. 358; Kerr on Fraud and Mistakes, p. 382; 2 Cobbey Chat. Mort., sec. 761.

2. An examination of the authorities cited by the plaintiffs in error will disclose that they arose in cases dissimilar to the case at bar, and in cases where the evidence was peculiarly in the knowledge of the party charged with fraud, and generally, as in the case of Cox v. Shropshire, 25 Texas, where the defendant had set up that he was a purchaser in good faith or for a valuable consideration, and where he had rested his case on the recitals in his deed, and had failed to make proof of consideration, etc., to sustain allegations so made. And furthermore, in all the cases cited by counsel, there had been made out such suspicion against the title alleged to be fraudulent as to call for some proof by the adverse party showing good faith, etc. Such case was not made out in the case at bar.

Even if Eaton, Guinan & Co., the mortgagors, were insolvent, and conveyed all of their property to a trustee to secure preferred creditors, the proof of these facts would not have authorized an overthrow of the mortgage or trust deed, or demanded evidence from the trustee to overthrow such suspicion. Hudson v. Eisenmayer, 79 Texas, 401.

### ON REHEARING.

GAINES, CHIEF JUSTICE.—The motion for a rehearing in this case was granted in order to give a more thorough examination to the question of the burden of proof. The plaintiffs in error, through their counsel, insist that it was incumbent upon the defendant in error, in order to establish the deed in trust under which he claims, to prove that the debts secured by it were valid and subsisting liabilities of the mortgagors at the time the instrument was executed. The plaintiffs in error were attaching creditors, and the defendant in error at the time of the seizure was in possession of the property attached. The instrument, if valid, gave him the right of possession. He filed a claimant's oath and bond, which were returned into court for a trial of the right of property under the statute. Article 4838 of the Revised Statutes reads as follows: "In all cases arising under this title, if the property was taken from the possession of the claimant, the burden of proof shall be upon the plaintiff;" that is, upon the plaintiff in the writ of attachment or execution, as the case may be. Rev. Stats., art. 4832.

The plaintiffs alleged in their pleadings that the debts secured by the deed in trust were fictitious, but introduced no evidence tending to prove that fact. There was testimony as to the genuineness of one of the debts, and in the absence of proof that some other debt was fictitious, and that such creditor whose debt was proved knew of the fraud, it would seem that this was sufficient to sustain the mortgage, although it should be held that the burden was upon defendant to prove the debts. Haas v. Kraus, 86 Texas, 687. But we do not desire to rest the decision of this case upon that proposition.

It is broadly contended, on behalf of plaintiffs in error, that their plea attacking the mortgage for fraud, and alleging that the debts were fictitious, shifted the burden of proof, and made it incumbent upon the claimant to prove the validity of the debts in order to sustain the instrument. The proposition is not without authority to support it. The decisions bearing upon the question are numerous and conflicting. We are of opinion, however, that the doctrine can not be maintained upon sound principle. Fraud is never presumed in the absence of evidence. It is incumbent upon the party who asserts it to prove it.

In Jones v. Simpson, 116 United States, 610, the Supreme Court of the United States quote with approval the following utterances by the Supreme Court of Kansas: "A further objection is made to the direction given by the court, that 'fraud is never presumed, but must be established by evidence.' Of the correctness of this proposition there should be no question; but counsel seem to argue that the burden of proof was upon the plaintiff to show that he did not participate in the fraud now conceded to have been intended by the Howard Bros. Fraud is not so lightly imputed. While certain circumstances will give rise to an inference of fraud, yet the law never presumes it. It devolves on him who alleges fraud to show the same by satisfactory proof; and the burden rested upon the creditors of Howard Bros., who assailed the good faith of Penn in this transaction, to show, by either direct or circumstantial evidence, that the transaction was fraudulent as to Penn. As the trial court stated, 'The law presumes, in the absence of proof to the contrary, that the business transactions of every man are done in good faith and for an honest purpose; and any one who alleges that such acts are done in bad faith, or for a dishonest and fraudulent purpose, takes upon himself the business of showing the same.'"

In Giddings v. Steele, 28 Texas, 758, this court said: "The rule is believed to be almost without exception, that all contracts are presumed prima facie to be fair and not unlawful or fraudulent, and the person who may attack them as tainted with fraud has the burden of proof upon him of proving the existence of the fraud by positive or circumstantial evidence."

A debtor, though insolvent, has the right, under our law, to execute in good faith a mortgage to secure one or more of his creditors, and thereby to give a preference. Such an instrument, therefore, which

does not by its terms disclose a fraudulent intent, is legal upon its face, and should, as we think, be held, in the absence of proof to the contrary, to confer the right which it purports to confer.

In Wait on Fraudulent Conveyances, section 271, the rule is thus stated: "With the possible exception of conveyances to a wife by a husband, the burden of proof, in cases where the instrument is valid upon its face, generally rests upon the creditor to show a fraudulent intent or absence of consideration."

Mr. Bump lays down the following rule: "As the presumption is always in favor of fairness, the statement of the payment of the consideration in an instrument is prima facie evidence of the fact. It is, however, the lowest species of prima facie evidence, inasmuch as the same motives which induce parties to make and execute a fraudulent conveyance would induce them to insert an acknowledgment of the payment and receipt of the consideration; and therefore, where there is any evidence of fraud, there must be other proof of the consideration." Bump on Fraud. Con., 3 ed., 594.

The learned author would seem to rest the doctrine in part at least upon the proposition that the recital in the deed is some evidence of the fact. We think, however, the presumption of fairness in the conveyance is the safer ground upon which to base it. The authorities which lay down the contrary rule—namely, that a mere allegation attacking a conveyance or mortgage for fraud is sufficient to cast upon the party claiming under the instrument the burden of proving the payment of the consideration or the existence of debts, as the case may be—place it upon two grounds: first, that the recitals in a deed are not evidence as to third parties; and second, that the fact of the consideration is one peculiarly within the knowledge of the parties to the instrument. Should it be conceded that the recitals are not evidence, it does not follow that the instrument is not presumptively fair. While it is true that a debtor may execute a mortgage upon his property nominally to secure a fictitious debt, yet when a mortgage has been executed, and there is nothing to show a want of good faith in the transaction, it is far more reasonable to presume that the debts are genuine, than that they are simulated. As to the second ground, it is true that the fact as to the consideration or the existence of the debts is best known to him who claims under the instrument, and may not be known to his adversary. We do not think, however, that in such a case this is sufficient to shift the burden of proof from him who makes the attack upon the conveyance to him who stands upon his defense. It is contrary to the essential principles of judicial procedure to permit a plaintiff to bring his adversary before a court, alleging that he has been guilty of fraud, and to demand, without evidence, that he exonerate himself from the charge. The fact that the grantee in a conveyance claimed to be fraudulent knows the true consideration, has an important effect in a proper case. When the party attacking the conveyance has proved a circumstance, though slight in itself,

which tends to show that the recited consideration is false either in whole or in part, then, for the reason that the grantee, if the transaction be fair, has it in his power to show that the recital is true, his failure to make such proof is not only a strong circumstance against him, but should also in most cases have a controlling effect upon the issue. So if it be shown that a deed or mortgage has been executed with a fraudulent intent on the part of the maker of the instrument, without the knowledge of such intent on part of the grantee or mortgagee, then it is incumbent upon the latter to prove the payment of value in case of the deed, or an existing debt in case of a mortgage, in order to shield himself upon the ground of his want of notice.

In Rex v. Turner, 5 M. & S., 206, Mr. Justice Bailey used the following language: "I have always understood it to be a general rule, that if a negative averment be made by one party, which is peculiarly within the knowledge of the other, the party within whose knowledge it lies, and who asserts the affirmative, is to prove it, and not he who avers the negative." In commenting upon these remarks, Baron Alderson said: "I doubt as a general rule whether those expressions are not too strong. They are right as to the weight of the evidence, but there should be some evidence to start it in order to cast the onus on the other side." Elkin v. Janson, 13 M. & W., 655. So in another English case, the rule, it is said, "is not allowed to supply the want of necessary proof * * * against a defendant; * * * but when such proof has been given, it is a rule to be applied in considering the weight of the evidence against him, whether direct or presumptive, when it is unopposed, unrebutted, or not weakened by contrary evidence, which it would be in the defendant's power to produce, if the fact directly or presumptively proved were not true." Rex v. Burdett, 4 B. & A., 95.

The utterances here quoted, in our opinion, lay down the reasonable and proper limitations upon the rule; and applying the rule so limited to the present case, we think that the plaintiff in error should have introduced some evidence of fraud "to start it," before the defendant could be called upon to prove the validity of the debts.

It would subserve no useful purpose to discuss in detail the many cases bearing on the main question. Most of the leading cases in support of the rule laid down by Mr. Bump, as well as those against it, are cited by that author in the foot note to his text, to which we have heretofore referred.

For the reasons given, we adhere to our former ruling, and affirm the judgment.

*Affirmed.*

Delivered March 4, 1895.