COLLINS v. UNITED BROTHERS OF FRIENDSHIP AND SISTERS OF THE MYSTERIOUS TEN. (No. 1716.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 17, 1917. Rehearing Denied Feb. 1, 1917.)

1. INSURANCE ⊙=817(2)—FRATERNAL INSURANCE—EVIDENCE—PRESUMPTION AND BURDEN OF PROOF.

In an action on a policy of fraternal insurance by the beneficiary named therein, where the evidence showed that the deceased was, at the time of making her application, over 45 years of age, which age under the constitution of the society was the maximum age limit for females who may obtain insurance in the order, the presumption would be that the deceased stated her correct age in her application, and it devolved upon defendant to prove the contrary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2001.]

2. INSURANCE ⊙=723(3, 4)—FRATERNAL SOCIETIES—APPLICATION—REPRESENTATION AS TO AGE.

If the application showed the age of the deceased to be under 45 years, it would be binding upon her beneficiary as a representation of material fact.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1859.]

3. EVIDENCE ⊙=78—PRESUMPTION—SUPPRESSION OF EVIDENCE.

As the evidence showed that the original certificate and application had been delivered to the defendant with the proofs of death, the inference is that they were available for evidence at the trial, and the failure of the defendant to present them at the trial, when other proof of what they would have probably disclosed, is a circumstance against the defendant, and tends to weaken its defense that the insurer in her application falsely represented her age to be less than 45 years at that date.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 98, 100.]

4. INSURANCE ⊙=819(2)—FRATERNAL SOCIETY — ACTION ON POLICY — EVIDENCE — SUFFICIENCY.

Evidence held insufficient to support a jury finding that the insured had falsely represented her age to be less than 45 years at the time of making her application for insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2007.]

Appeal from Fannin County Court; S. F. Leslie, Judge.

Suit by Roland Collins against the United Brothers of Friendship and the Sisters of the Mysterious Ten. Judgment for the defendant, and plaintiff appeals. Reversed and remanded for another trial.

H. G. Evans and Rosser Thomas, both of Bonham, for appellant. L. C. Fuller and Cunningham & McMahon, all of Bonham, for appellee.

HODGES, J. [1] The appellant is the beneficiary named in a policy of insurance for $500 issued by the appellee upon the life of his wife, Mary Collins, in 1910. In 1914 Mary Collins was drowned in a well. The certificate of insurance, together with proofs of death, were sent in, but payment was refused, and this suit followed. The defense was suicide, and false representations as to her age, made by the insured in her application for the policy. The appellee is a fraternal benefit society, and has a constitution which provides that 45 years shall be the age limit for females who may obtain insurance in the order. In response to interrogatories submitted by the court, the jury found that Mary Collins did not commit suicide, but that she had falsely represented her age to be less than 45 years at the time she applied for insurance. The appellant complains of the charge which submitted this last issue of fact, and also of the finding of the jury, upon the ground that the evidence was insufficient to support a finding that Mary Collins had falsely represented her age to be less than 45 years. The evidence did show that Mary Collins was over 45 years of age at the time she made application for insurance. The presumption would be that she stated her correct age in her application, and it devolved upon the appellee to prove to the contrary. Compton v. Marshall, 88 Tex. 50, 27 S. W. 121, 28 S. W. 518, 29 S. W. 1059. It appears that neither party was able to produce the application upon the trial, and no parol evidence was offered as to its contents. The evidence relied on to support the finding of the jury was the testimony of two of the appellee's grand of-

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ficers, who issued policies to members, that if the application of Mary Collins had shown her age to be over 45, she would have been rejected by them. Neither of these witnesses testified to having seen the application, or as to what age it disclosed. The strength of their testimony rests upon the presumption that as agents of the association they did their duty in inspecting the application, and that their acceptance was proof that the application was in proper form and disclosed an eligible applicant. The presumption that Mary Collins stated the truth is certainly as strong as one that these agents did their duty. There is, however, one circumstance which tends to weaken their testimony. The appellant introduced without objection a blank certificate of insurance corresponding to the one issued to Mary Collins. This certificate shows a blank for the insertion of the "present age" of the insured. Presumably this space was filled with the true age of the applicant or the age contained in the written application for insurance.

[2, 3] The evidence further showed that the original certificate had been delivered to the appellee, and that it had been called upon to produce the same upon the trial of the case. The inference is that it was available for evidence at that time. The policy was presumably issued upon a written or verbal application, and was delivered to and accepted by the insured. If it showed her age to be under 45 years it would be binding upon her beneficiary as a representation of material fact. Railway Co. v. Dwyer, 75 Tex. 572, 12 S. W. 1001. On the other hand, if it showed her age to be over 45 years it would have seriously impeached the credibility of the appellee's officers. The failure of the appellee to present the policy upon the trial when other proof of what it probably would have disclosed was so meager is a circumstance against it and tends to weaken its defense. Bailey v. Hicks, 16 Tex. 222; Thompson v. Shannon, 9 Tex. 536; Mutual Life Ins. Co. v. Tillman, 84 Tex. 31, 19 S. W. 294.

[4] We think the evidence in this case is too unsatisfactory to support the finding of the jury, and the judgment of the trial court will therefore be reversed, and the cause remanded for another trial.