## MORGAN PLAN CO., Inc., et al. v. FERGUSON.

### No. 4125.

Court of Civil Appeals of Texas. Texarkana.

Dec. 24, 1931.

H. H. Taylor, of Texarkana, for appellants.
N. L. Dalby, of Texarkana, for appellee.

SELLERS, J.

This is an appeal by appellants from a judgment of the district court of Bowie county perpetuating a temporary injunction theretofore granted restraining appellants from selling certain real estate located in the city of Texarkana, Tex., the legal title to which was in appellee, Ruth Ferguson.

The appellant Morgan Plan Company brought suit in the justice court in precinct No. 1, place No. 2, Bowie county, Tex., on March 14, 1929, against J. G. Ferguson and his son to recover upon a note due it for the sum of $113.33, and on June 22, 1930, recovered judgment for the amount sued for against J. G. Ferguson.

On February 12, 1930, J. G. Ferguson and his wife owned the property in controversy in this suit, and on this day conveyed the same to their daughter, Ruth Ferguson, the appellee, for a consideration stated in the deed of $1,000 cash and other valuable consideration, which deed was duly recorded on February 18, 1930.

Thereafter on September 16, 1930, the appellant Morgan Plan Company procured the issuance of an execution upon the judgment against J. G. Ferguson and caused the same to be levied by appellant J. F. Akin, constable of precinct No. 1, Bowie county, Tex., upon the property here involved, and caused the constable to advertise the property for sale as the property of J. G. Ferguson, which was advertised to be sold on the first Tuesday in November, 1930.

On the first day of November, 1930, Ruth Ferguson brought this suit against the appellants to enjoin them from selling this property as the property of J. G. Ferguson, alleging that she was the owner in fee simple of the property, and secured the issuance and service of a temporary injunction.

The appellant Morgan Plan Company answered in this suit alleging that, at the time of the conveyance of the property by J. G. Ferguson and his wife to their daughter, the appellee herein, J. G. Ferguson was insolvent; that J. G. Ferguson made the deed with the intent to hinder, delay, or defraud his creditors; that the deed was without consideration; and that such property was all the property owned by J. G. Ferguson that was not exempt; and prayed that the deed be set aside and the property subjected to the payment of its judgment.

The appellee answered alleging that she had paid a valuable consideration for the property, that she purchased the property in good faith, and without any notice of any fraudulent intent on the part of J. G. Ferguson and his wife to delay or defraud his creditors.

The only evidence offered upon the trial in regard to the conveyance of the property by J. G. Ferguson to his daughter was that of J. G. Ferguson and the appellee, Ruth Ferguson. The appellee testified that she was twenty-three years of age at the time the property was conveyed to her; that she lived at home with her father and mother and was the only child living at home; that she worked and received for her services during the last two years $80 per month part of the time and $90 per month the remainder of the time; that she contributed most of her salary each month to the support of her father and mother; that she had contributed more than $1,000 to her father and mother at the time the deed involved was made to her. She further testified as follows: "The consideration in that deed was $1,000.00 and other considerations. I did not pay that in cash all at one time, but I had paid more than that. It was approximately that, and I had given everything I made to my people. As to how much I paid in cash, I had already paid it. I paid it as I earned it. I paid what I had earned to them. As to whether or not I gave my father any money at all at the time I got the deed—I don't know that I gave him

any right that day. I was either going to give it right away or just before then, because I gave it twice a month. As to whether or not I ever gave him anything after this, I give everything I made. That is, I just contribute to the family. I consider this a recognition by my father of my having been so good to him by helping to take care of the family. There was no $1,000.00 paid at one time, but I had given more than that. While contributing to the family I was a member of it. I supported the family with what I made. * * * When this conveyance was made, or at anytime in discussing the making of this conveyance, there was nothing said about this debt, and I did not think anything about the debt when I was taking the conveyance. As to why my father and mother conveyed me this land—for what consideration and why they did it,—well, they didn't have any support. Papa wasn't doing anything and I was at home, and was making what money was coming in, and they wanted me to be able to depend on something if anything should ever happen to them, and they thought they should remunerate me some way. They gave me this deed in payment of what I had contributed to them and would contribute to them in the future, and I have done that since that time."

J. G. Ferguson testified: "The consideration recited in the deed was $1,000.00. When that deed was delivered to Ruth she had already paid at that time. I don't know that she paid anything right then. She had paid over $1,000.00. She lived with me, and as my daughter she was a very dutiful and fine young lady. We gave her that, and that is all we had to pay her. * * * There was nothing at all said in my conversation with Ruth, me and my wife and her, about my conveying this property to her to defeat the claim of the Morgan Plan Bank, and I did not have any intention of anything of that kind. It was not my intention to beat anyone out of anything."

The findings of the jury established that J. G. Ferguson had no intention to hinder, delay, or defraud the Morgan Plan Company when he made the deed to his daughter; that J. G. Ferguson was indebted to his daughter for money furnished to him; that J. G. Ferguson and his wife conveyed the property to their daughter in satisfaction of their obligation to her; and that appellee knew when the deed was made to her that her father was insolvent.

Appellants' principal contentions are that the court erred in refusing to instruct the jury at the close of the evidence to return a verdict for appellants, and that the issues submitted to the jury are without support of any evidence.

In determining whether the court erred in refusing appellants' peremptory instructions, we are governed by the rule which requires this court to consider all the evidence in its most favorable aspect to appellee, and to disregard all evidence favorable to appellant. Commerce Farm Credit Co. v. Torrance (Tex. Civ. App.) 7 S.W.(2d) 1110 and 1111, and authorities there cited.

It is believed that, when the evidence is measured by the above rule, appellants' contention will have to be overruled. The evidence is believed to be sufficient to make an issue of fact to be determined by the jury as to whether J. G. Ferguson was indebted to his daughter when the conveyance was made, and also as to whether the property involved was conveyed by J. G. Ferguson to appellee in settlement of such debt. These issues having been settled by the jury in favor of appellee, the only question to be determined is whether such facts support the judgment entered by the court.

It is well settled in this state that a conveyance by an insolvent debtor to a creditor of property in satisfaction of the debt is not fraudulent within the statute (Rev. St. 1925, arts. 3996, 3997), unless the value of the property conveyed is in excess of the debt. Adams v. Williams et al., 112 Tex. 469, 248 S. W. 673, and cases there cited.

The jury having found that J. G. Ferguson was indebted to appellee Ruth Ferguson, and the undisputed evidence showing the amount of such indebtedness to be in excess of $1,000 on the date the conveyance was made to her, would be sufficient to show that the transaction between J. G. Ferguson and appellee was not fraudulent, unless the value of the property conveyed was in excess of the debt. There is no evidence whatever introduced by either party as to the value of the property conveyed. The burden to prove that the value of the property conveyed was in excess of the debt in settlement of which it was made was upon the appellant Morgan Plan Company. Compton v. Marshall (Tex. Civ. App.) 25 S. W. 441; Id., 88 Tex. 50, 27 S. W. 121; 28 S. W. 518; 29 S. W. 1059. Therefore, in the absence of such proof, the appellant has wholly failed to show that the conveyance by J. G. Ferguson to his daughter, Ruth Ferguson, was fraudulent under the statute.

There are other assignments in appellant's brief which have been considered, but, being without merit, are overruled.

The judgment of the trial court is affirmed.