### WILSON et ux. v. McLEMORE et al.
### No. 14380.

Court of Civil Appeals of Texas. Dallas.
Sept. 21, 1951.

Rehearing Denied Oct. 19, 1951.

John W. West, Joe V. Moore, W. H. Hall and E. P. Bryan, all of Dallas, for appellants.

Odeneal, Herndon & Franklin, Wm. C. Odeneal, Jr., James H. Martin, Vickrey & Rhea, Biggers, Baker & Lloyd, Spencer Carver and Harris & Lee, all of Dallas, for appellees.

CRAMER, Justice.

This proceeding is in trespass to try title, for cancellation of certain instruments, to review a judgment, etc., and for $75,000 damages, costs, etc., filed originally by plaintiffs Henry Wilson and wife against Joe Lee McLemore, Clark A. Findley and George D. Blaylock. Later, by amendment, M. C. Smith, Meta R. Meyer, Catherine A. Meyer, Edward Folmer and wife Edna Folmer (nee Edna Meyer), Isaac Story, individually and as administrator of the estate of Shelton A. Story, deceased, J. R. Story, Samuel J. Story, Launa Herman and Ada Tillery were added as defendants. The parties will be referred to as in the trial court. Plaintiffs, in addition to the trespass to try title count, plead an oral gift to them by Shelton A. Story in February 1933 of the 73⅓ acres of land involved; also title under the ten-year statute of limitation; also affirmatively sought cancellation of their warranty deed to Joe Lee McLemore, trustee, dated June 27, 1948, filed for record October 31, 1950 and recorded in Deed Records of Dallas County, Texas, in Vol. 2745 at page 28; for cancellation of a judgment in cause No. 18,-690-E, styled Henry Wilson v. Joe Lee McLemore, said judgment being in favor of McLemore and against the Wilsons for the land involved; cancellation of a deed dated January 27, 1946, executed by Joe Lee McLemore and other defendants to defendants Findley and Blaylock; cancellation of a deed dated January 12, 1949 from Blaylock to defendant M. C. Smith, covering 35 acres out of the 73⅓ acre tract; and judgment against all defendants for rents, damages, etc.

On a trial to the merits, the trial court, at the end of plaintiffs' evidence, after proper motion, instructed a verdict in favor of defendants. From the judgment on such verdict plaintiffs have duly perfected this appeal.

Plaintiffs' first point attacks the trial court's instructed verdict against them.

As a preface to a discussion of this point, the following undisputed facts are shown by the record in date order:

Shelton A. Story acquired title to the land by deed dated August 27, 1935 (over one year, nine months after October 12, 1933, the date of the claimed oral gift).

Isaac B. Story was appointed administrator of the estate of Shelton A. Story, then deceased, on July 1, 1942.

A special warranty deed was executed by the plaintiffs Henry Wilson and wife to defendant Joe Lee McLemore as attorney in fact for Meta R. Meyer, Catherine A. Meyer, Edna Folmer (nee Meyer), and Isaac B. Story, administrator of the estate of Shelton A. Story, on June 27, 1946; a farm lease covering the property was exe-

cuted June 27, 1946 by Meta R. Meyer and other grantees under Wilson et ux. special warranty deed, to plaintiffs Henry Wilson and wife for a period covering the balance of the year 1946 and all of the year 1947.

On July 15, 1946, orders were entered by the County Court of Dallas County in the estate of Shelton A. Story, deceased, based upon proper preliminaries authorizing a sale of the property involved to Catherine A. Meyer, Meta R. Meyer and Edna Folmer, and thereafter proper conveyances were made and proper orders entered confirming such sale.

Catherine A. Meyer, Meta R. Meyer, Edna Folmer and husband, by their attorney in fact, conveyed the property in question to Tommie P. Claxton on October 2, 1946 and on the same date the property was conveyed by Claxton to Joe Lee McLemore.

Cause No. 18,690–E was filed January 27, 1948 by Henry Wilson against Joe Lee McLemore in trespass to try title to the land involved and a judgment was entered therein on February 28, 1948 against Wilson and in favor of McLemore.

A deed was executed May 28, 1948 by Catherine A. Meyer, Meta R. Meyer, Edna Folmer et vir, by their attorney in fact, Joe Lee McLemore, to defendants Clark A. Findley and George D. Blaylock, and on the same date a 60-day lease was executed by Findley and Blaylock covering a part of the land here involved to Henry Wilson; also on the same date Henry Wilson made an affidavit before a notary public that he (Wilson) fully understood the lease he had signed and that his asserted limitation title ended by his conveying the land to Joe Lee McLemore, trustee, by special warranty deed dated June 27, 1946.

Findley thereafter on January 7, 1949 conveyed his interest in the land to Blaylock.

Blaylock on January 12, 1949 conveyed his interest in the land to W. C. Smith.

Plaintiffs Henry Wilson and wife have lived on the land at all times since October 12, 1933.

Plaintiffs in their brief assert they made out a prima facie case for the jury on issues of fact as follows: (a) Title under the ten-year statute of limitation; (b) right to cancel judgment in cause No. 18,690–E, supra; (c) right to cancel deed from plaintiffs to Joe Lee McLemore; (d) title under their claim of oral gift from Shelton A. Story. In order to pass upon these contentions it will be necessary to review the material testimony.

Appellants testified they went into possession of the land in 1933 and have held possession of such land since that time; also claimed title thereto as against all persons since 1933. On such testimony they made an issue of fact under the ten-year statute of limitation, if it is not defeated by their deeds hereinabove set out. With reference to such deeds, they testified that they executed the special warranty deed to the land above set out, dated June 27, 1946, to Joe Lee McLemore, attorney in fact, and Henry Wilson later OK'd (and that their attorney agreed to the entry of) the judgment in the trespass to try title suit involving the land in question, in favor of defendant McLemore.

Henry Wilson testified on the trial that in 1946 Joe Lee McLemore told him (Wilson) that he (McLemore) owned the property and that he (McLemore) wanted it and for him (Wilson) to get off of it within ten days. He further testified that he told McLemore that he was there and was going to stay there; that it was as much his as it was McLemore's. Thereafter Wilson employed an attorney to represent him and to defend him so that he might "stay on the place." He testified that he and his wife went back to his lawyer's office about a year later; that at such time he (Wilson) and his wife, his lawyer and another lawyer who officed with his attorney, his lawyer's stenographer and a notary public were present; that the deed in question was drawn up by his lawyer, typed by his lawyer's stenographer, and that his lawyer told the stenographer "what to write in it"; that he and his wife signed the deed, he by his mark and his wife by writing her name. He further testified that he did not know the kind of instrument he was signing and if he had known the deed was to all of his land, for $10 and other good and valuable

considerations, he would not have signed it. He also testified that he was not paid the $10 recited in the deed; that the deed was left by him in his lawyer's office. He further testified that he did not remember when he learned he had signed a deed until Joe Lee McLemore came by his house about two years later to take possession of the property which he claimed as his property under the deed; that he then refused to deliver the property to McLemore.

Wilson further testified that thereafter McLemore filed a suit against him in the Justice Court to secure possession of the land; that he then went back to see his lawyer who referred him to a second lawyer who, in turn, filed an answer in the forcible entry proceeding in the Justice Court. He stated that he attended the hearing and "it seemed like they throwed it out." He further testified that about two days later he went to the hospital where he stayed three months and seven days. The record shows that there was filed on January 27, 1948, in the District Court of Dallas County, cause No. 18,690–E, styled Henry Wilson v. Joe Lee McLemore, and signed by Wilson's attorney who represented him in the forcible entry action in Justice Court; that on the same date an order was entered by the District Court restraining the prosecution of the forcible entry and detainer suit; that McLemore, after having been served with citation, filed an answer therein and judgment was entered sometime later which, among other things, recites: " * * It appearing to the court that the plaintiff herein is in possession of the real property which is the subject matter of the suit and that the parties and their attorneys have agreed that the defendant Joe Lee Mc-Lemore has the legal title to said property and is entitled to possession of same. It is therefore ordered, adjudged and decreed by the court that the plaintiff Henry Wilson take nothing by reason of his said suit and that the defendant Joe Lee McLemore have judgment for title and possession of, * * * (description of land) against the said Henry Wilson and it is further ordered that all relief prayed for by said plaintiff be in all things denied. * * *"

The judgment is approved by the signatures of Henry Wilson, by his mark, and witnessed by two nurses at Parkland Hospital; also by McLemore as defendant and by Wilson's and McLemore's attorneys of record. Wilson testified that he signed the paper because his attorney told him to; but that the land covered by the judgment was his homestead and he was living on it at the time. Henry Wilson further testified that none of the defendants or their attorneys were present when the deed was signed; also that he would not have signed it if he had known what was in it.

Appellants here assert such evidence raises for the jury questions of fact on their counts of fraud both in connection with a rescission of the deed and on the bill of review to set aside the judgment as against all defendants.

To this we cannot agree.

This Court, in 1899, in an opinion by then Justice Rainey (later Chief Justice) in Atkinson v. Reed, 49 S.W. 260, held that in order to set aside a deed the evidence must be established by fraud *participated in by the defendant or with knowledge thereof by him.* In Donigan v. Policek, 34 S.W.2d 375, 376, Chief Justice Fly of the San Antonio Court of Civil Appeals held: "This court keeps in view the rule that an appellate court cannot reverse the verdict of a jury when there is any evidence that sustains it, but the record in this case fails to disclose any evidence upon which to base a finding that Sykora was the agent of appellant when the representations were made to his friend and client Policek."

In Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S. W.2d 989, 997, Syl. 6, Chief Justice Alexander stated:

"It is asserted that since the investment bankers' contract with the City was on a contingent basis, it was to their interest for their employee, Mr. Eames, to so misrepresent the facts to the City.

"It will be observed, however, that Mr. Eames was an employee of the investment bankers, and not of GBRA, and that there is no evidence of any collusion between Mr.

Eames and GBRA. GBRA was not responsible for any misrepresentation made by Mr. Eames."

■ The same rule applies to the attack on the judgment by the bill of review, except with more force. In Garcia v. Ramos, 208 S.W.2d 111, 112, writ of error refused, in the San Antonio Court of Civil Appeals, Justice Murray (now Chief Justice) stated: "In State v. Wright, Tex.Civ.App., 56 S.W. 2d 950, 952, it is said: 'But the fraud which will authorize vacation by the court of its former judgment in such case must be what has been termed "extrinsic fraud." By that is meant fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial.'"

In addition to the testimony quoted hereinabove, we have also examined the entire statement of facts and are unable to find a single line of affirmative evidence that the defendants were in any way or manner connected with, took part in, or had knowledge of, any of the transactions or conversations by plaintiffs with their attorneys. The written exhibits themselves do not show fraud in any way by the defendants or the defendants' attorneys.

The most the record shows is that the plaintiffs testified that their own attorneys prepared all the instruments sought to be set aside by the plaintiffs; that their own attorneys secured their signatures to the deed and Henry Wilson's to the form of judgment in cause No. 18,690–E. The plaintiffs' own attorneys failed to give them all the facts, resulting in their not knowing the effect of the instruments they signed at the direction of their own attorneys. The record is silent as to knowledge by any of the defendants of any defects in the instruments at the time they were delivered to them, or at any other time up to the time of the filing of this suit. At the time of the delivery of the deed in 1946, plaintiffs' attorneys, in turn, delivered the lease of the property for the balance of the year 1946 and all of the year 1947. The judgment itself entered in the District Court case, February 28, 1948, provided that no process should issue thereon before May 30, 1948. We are therefore of the opinion that the record, which is devoid of any testimony of any conversation or contacts of any kind by the plaintiffs with the defendants, or any evidence of any kind connecting the defendants with the matters alleged by them against their own attorneys, and in the absence of any knowledge by any of the defendants of such transactions between plaintiffs and their own attorneys, that the court properly instructed a verdict against the plaintiffs.

■ Fraud is never presumed. Wilkins v. Abercrombie, Tex.Civ.App., 162 S. W.2d 445. The deed and judgment were not void on their face. Therefore it was incumbent on plaintiffs to prove the fraud they alleged, Compton v. Marshall, 88 Tex. 50, 27 S.W. 121; and having failed to introduce evidence thereon sufficient to make a jury issue, the judgment against them was proper.

Under the above holdings it is not necessary for us to pass upon the plaintiff's claim of title by parol gift from Shelton A. Story, deceased. However, if material, we could not sustain such contention.

Plaintiffs testified that Shelton A. Story originally gave them the land in question on October 12, 1933, and that they went into possession of the land under such oral gift at that time, repaired the house thereon and placed a small portion in cultivation. The record is undisputed, however, that Shelton A. Story did not acquire title to the land until August 27, 1935.

"To establish a parol gift of real estate in Texas, there are three requisites: (a) a present gift; (b) possession under the gift, and with the consent of the donor, and (c) valuable and permanent improvements made in reliance upon the gift. To constitute a present gift there has to be an intent on the part of the grantor to convey the property in question at the time he makes the gift. A promise to convey land in the future or to make a gift in the future, or to leave property in a will is not sufficient positive action to constitute a present gift. Martin v. Martin, 207 S.W. 188 (Tex.Civ.App.1918); Atkins v. Schmidt

[Schmid], 129 S.W.2d 412 (Tex.Civ.App. 1939); Sims v. Duncan, 195 S.W.2d 156 (Tex.Civ.App.1946)." 1 Baylor Law Review 369.

A gift inter vivos does not convey an after acquired title.

Gifts inter vivos must take effect in praesenti to be valid. McFerrin v. Templeman, 102 Tex. 530, 120 S.W. 167.

The evidence does not raise a jury issue on a parol gift by Shelton A. Story, now deceased, to plaintiffs. Such contention is therefore overruled.

Finding no error in the judgment, it is Affirmed.