LIPSCOMB, J.
If law he a rule of right and sound reason, it would seem dilliouit to separate the o.ne part of the charge asked from the other. If the first part is right in law, the other would seem to he only a logical conclusion that would ioilow from the first. But the fair test of the propriety of a charge cannot be whether in the abstract it is right. It must he taken in view of the evidence, of the facts charged on which the jury is required to respond. A charge in the abstract, as a mere legal proposition, might be perfectly inoperative and harmless; when, however, referred to a certain set of facts and circumstances in the proof, it might have a most important and conclusive iulluence on the jury in forming their verdict. Now, if there had been no evidence of circumstances calculated to impeach the fairness of the transaction, tlie charge of the court as given could not have had any potency in it, and would have been regarded as abstract and irrelevant to the casé; but, when taken in view of the facts proven, its influence on the jury is too clear and direct, to be concealed or deified. The charge made in the petition was that the. sale was a fraudulent and collusive transaction between the administrator and (lie protended purchaser; and it was in evidence that the deeds, if not passed at; the same time, were so nearly one transaction in point of time as to raise the presumption that Shannon, the purchaser,-was only the instrument, and the willing instrument, of completing the fraudulent design, and that the administrator was the real beneficiary in the transaction. The witnesses to the deed saw no money paid and no note given. These were but circumstance's; they were, however, of a character to create an unfavorable impression as to the fairness of the transaction. Had the defendants proved payment of the consideration, it would have had an influence in rebutting the unfavorable presumption that had been raised ; and if that consideration was not grossly inadequate, would have removed the. cloud that had been attempted lo be thrown upon the fairness oE the transaction.
Again : if the parly to a transaction refuses or fails to use. means that might reasonably be supposed to be. within his power, his failure to produce such evidence strengthens the unfavorable presumption. It is in general the only means to reach fraud and drag it to the, light of the day; to prove circumstances from which the reasonable presumption is inconsistent with the honesty of tin* transaction. It is not often that any kind of evidence but circumstantial evidence, can he, procured. The most abandoned and profligate man is not willing to acknowledge, in the face of the world, his guilt; and plausible, pretences, clothed in the vestments of innocence, are resorted to by those who contemplate the commission of fraud, and if positive proof can be *270 obtained of ilie fraud, it is the merest accident, and only furnishes an exception to the rule that it can only be reached by circumstantial evidence. The rule of law, that fraud must, be proven and not presumed, does not exclude the proof of facts from which fraud may be inferred. It only means that, in the absence of proof of such circumstances, fraud cannot be presumed.
The, charge of the court as given was calculated to make the jury believe that in law no inference unfavorable to the fairness of the transaction could be drawn legitimately from a failure to prove payment of the consideration. If it had been paid, It is reasonable to suppose that some evidence of such payment could be proven. The deed was not evidence of that fact, because the record shows that by the terms of the sale payment could not have been demanded until twelve mouths after it purported to be dated.
Because, then, we believe the court erred in refusing the charge as asked, the judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.