Needham v. The State.

GORDON NEEDHAM V. THE STATE.

The force of testimony on the mind is increased by the failure to rebut it, where,
from the nature of the circumstances, its falsity can be easily shown, if it be
false.

Proof that a place where spirituous liquors in less quantities than a quart are
sold, is called by the name of defendant, that defendant was frequently there
though not oftener than some others, that another sold the liquors, and that
defendant presented an account to witness for spirituous liquors bought by
him at said place in less quantities than a quart, which was settled by indebt-
edness of defendant to witness on another account, is sufficient, in the absence
of rebutting testimony, to support a verdict of guilty of selling or being
concerned in selling spirituous liquors in less quantities than a quart with-
out license.

Proof that defendant was concerned in selling spirituous liquors in less quanti-
ties than a quart, is sufficient to sustain an indictment charging that the de-
fendant sold the liquors ; the Statute uses the words, " sell or be in any wise
concerned in selling."

See this case as to charging the jury upon the weight of evidence.

Appeal from Cherokee.   Tried below before the Hon. John
H. Reagan.

Indictment charging that the defendant " did then and
there sell spirituous liquors in quantities less than one quart,
without having obtained a license therefor."

The statement of facts was as follows :  The State proved

Needham v. The State.

by witness Bloomfield, that he, witness, frequently, between the first of April, 1856, and the finding of the bill of indictment, in the county of Cherokee, in the town of Rusk, applied for and obtained spirituous liquors in less quantities than one quart, and paid for the same, at a grocery house in the town of Rusk, called Gorden Needham's Grocery ; that he does not know whether Needham was in the house at the time ; nor does he know that the grocery belonged to Needham ; that one Martin generally attended the grocery and set out the liquor ; that Needham was frequently in the grocery. The State proved by one Taylor, that he, Taylor, frequently called at said grocery and obtained and drank spirituous liquor in less quantities than one quart, between the first of April, 1856, and the finding of the bill of indictment ; that said grocery was called Needham's grocery ; that said Needham presented to witness the amount of his grocery bill in said grocery ; and that he and witness compared accounts and found they were about equal ; that one Martin attended the bar and set out the liquor ; that witness sometimes heard the grocery called Martin's grocery ; that witness frequently saw Needham in the grocery, but not more frequently than he saw other citizens of the town.

The Court charged the jury as follows :

If the proof shows that the defendant sold, or was concerned in selling liquors in quantities less than a quart, you should find him guilty, and fix his punishment at a fine of any sum not less than fifty nor more than two hundred dollars ; otherwise you should find him not guilty. If liquor was sold, no matter by whom, at a grocery commonly called Needham's, in quantities less than a quart, and Needham collected the money due on the account for liquor so sold, in his own name and right, this was a recognition of the authority of the person selling the liquor, to do so for his benefit, and you should convict.

If the witness Taylor testified that he bought liquor at

Needham's grocery, in quantities less than a quart, and that Needham presented him his account for the liquor and received payment for it, and there is no proof of sales to Taylor of quantities of a quart or more, this is proof that the items in the account were for liquors sold in quantities less than a quart, and would require at your hands a conviction.

Defendant's counsel asked the Court to give the following instruction : That as defendant is charged with selling liquors himself, they must believe from the evidence that he sold the liquor himself ; and although they may believe from the evidence that another person sold the liquor, with whom he was concerned, yet if they do not find that he sold the liquor himself, or that it was sold by some one acting under and by his direction, they must find for defendant.

The Court refused to give this instruction. Defendant's counsel also asked the following instruction :   That although they may believe from the evidence that defendant received pay for the amounts due for the liquors sold at a time subsequent to the sale, the liquor having been sold on time ; they must also find from the evidence that defendant knew from the items of the accounts, or otherwise, at the time of receiving the payments, that the liquor had been sold in quantities less than a quart, before they can find him guilty on the sole ground that he received the payment for the liquor sold.

The Court gave this instruction with the following addition: That proof of the quantities sold, would be evidence of the items of the account, and his possession and ownership of the account brings knowledge of those items home to him.

Verdict of guilty. Motion for new trial overruled, &c.  The assignment of errors was, in refusing the first charge asked by defendant ; in not giving the second charge as asked by defendant ; in overruling defendant's motion for a new trial.

*Donley & Anderson,* for appellant.

*Attorney General,* for appellee.

Needham v. The State.

ROBERTS, J. Appellant having been indicted and convicted for retailing spirituous liquors in quantities less than a quart, without license, under the Statute of 1856, appealed to the Supreme Court and assigned the following errors :

1st. The Court erred in refusing the first charge asked by defendant.

2d. The Court erred in not giving the second charge as asked by defendant.

3d. The Court erred in overruling defendant's motion for a new trial.

The last ground will be considered first. The evidence shows that liquors in less quantities than a quart were bought by witnesses at a house called Needham's grocery ; that Martin sold the liquor ; that Needham was there frequently, though not oftener than some others ; that it was sometimes called Martin's grocery ; that Needham presented for settlement witness Taylor's account, which was contracted at that grocery, and he and witness found they were about even.

The force of testimony on the mind is increased by the failure to rebut it, when, from the nature of the circumstances, its falsity can be easily shown, if it be false.

In this case, if there was any reason why the establishment should be called Gorden Needham's grocery other than that it belonged to him, it could not have been difficult, in so recent a transaction, to have explained it. If Needham did not sell the liquor, but it was really Martin's, the facts must have been at hand to explain it. And if Needham was settling the accounts of that grocery for another, and not for himself, or if the account so settled did not contain charges of sales under a quart, it must have been easy to show, from witnesses and the books, what the real facts were. The evidence in support of the verdict then was not deficient.

It is contended that the verdict is contrary to the evidence, because the truth established, if anything, that Needham did not sell, but was " concerned in selling " the liquor. The

Court was asked, and refused to give, a charge for the purpose of presenting that view of the subject to the jury, (1st charge.) The Statute (2nd February, 1856, page 68, Sec. 5,) enacts " that if any person or firm shall sell or be in any wise " concerned in selling spirituous, vinous, or other intoxicating " liquors, in quantities less than one quart, without first having " obtained a license therefor," &c. By the terms " or be in any wise concerned in selling " it was intended to enlarge the sense of the word " selling " to its utmost limit, so as to include every possible manner of sale by agent, as agent, by partner, as partner, and the like ; and not to make two distinct offences, one for " selling " and the other for being " concerned in selling." Any other construction would engender the very difficulties of complexity and evasion sought to be avoided by that mode of comprehensive expression. Such must have been the view taken of it by the Court in refusing the charge, and we think rightly.

The second charge asked of, and refused by the Judge, was, in .effect, that the jury should not rely upon Needham's having settled a grocery account as evidence to convict, unless they were satisfied that he knew it contained items of sale less than a quart ; which he gave with the addition, " that proof (mean- " ing by the witness) of the quantities sold would be evidence " of the items of the account, and his possession and ownership " of the account brings knowledge of those items home to him." If there be any error in this charge as a whole, on the ground of charging upon the weight of evidence, it commenced with and rests upon the appellant. He asked the Court to instruct the jury as to the proper conclusion to draw from a given state of facts in the case. He cannot be heard to complain that the Court added in the same connection, a further instruction as to how far that conclusion might be varied by other facts which were also in the case ; if, in both cases, the deduction, permitted by the Court, were equally natural and reasonable. We conclude they were ; for Taylor, the witness,

proved that he bought and drank at the grocery, liquors in less quantities than a quart, and that Needham settled with him in reference to the grocery account there made.

There are other questions argued, which are not contained in the assignment of errors, and will therefore not be decided.

Judgment affirmed.