KNIGHTS OF MACCABEES OF THE WORLD v. HAIR. (No. 1728.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 25, 1917.)

1. INSURANCE ☞819(4)—ACTION ON POLICY— EVIDENCE—SUFFICIENCY.

In an action on a policy of fraternal benefit insurance by the beneficiary named therein, in which defendant alleged that the insured committed suicide, in which event under the laws of the association the amount which could be recovered by the beneficiary was double the amount of premiums paid by the insured, evidence *held* insufficient to sustain a verdict for plaintiff for the total amount of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2006.]

2. EVIDENCE ☞76 — FAILURE OF PARTY TO TESTIFY.

In an action on a policy of fraternal benefit insurance by the beneficiary named therein, in which defendant alleged that the insured committed suicide, and it appeared that insured was killed by "pistol shot, self-inflicted," and that plaintiff and insured, who was her husband, had had trouble, failure of plaintiff, who was present and witnessed the apparently suicidal act of insured, to testify and offer some explanation as to whether the shot was accidental or intentional warrants the inference that she refrained from testifying because she knew the truth would not help her case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 96.]

Appeal from District Court, Harrison County.

Suit by Mrs. Florence Hair against the Knights of the Maccabees of the World. Judgment for plaintiff, and defendant appeals. Reversed and remanded for another trial.

D. D. Aitken, of Flint, Mich., Cross & Rogers, of Waco, and M. Harold, of Marshall, for appellant. Jno. W. Scott, of Marshall, for appellee.

HODGES, J. The appellee filed this suit against the appellant to recover the sum of $2,000 upon a certificate of insurance issued upon the life of her husband, Samuel L. Hair. The appellant, defendant below, admitted the execution of a benefit certificate for the sum of $2,000 upon the life of Hair, but pleaded certain conditions in that certificate by which it was agreed that, should the insured die by his own hand, whether sane or insane at the time, the contract of insurance was to be void, and the beneficiary should receive only such amount as is provided by the laws of the association in force at the time of the death of the insured. It was also alleged that under the laws of the association the amount which could be recovered by the beneficiary in such an event was double the amount of premiums that had been paid by the insured. That sum, according to the answer of the appellant, amounted to $224, with $2.25 additional as interest, which was tendered in satisfaction of the plaintiff's demand. In a trial before a jury a verdict was rendered for the full amount of the policy, $2,000. In this appeal the appellant asks that the case be reversed because of the insufficiency of the evidence to support that recovery.

The evidence showed that Samuel L. Hair died as the result of a pistol shot on December 5, 1914, at the Elgin Hotel in the city of Marshall. It appears that this was the home of himself and wife at the time. The appellant introduced in evidence the proofs of death which had been furnished by the appel-

lee under the terms of the policy. In answer to the question as to what was the immediate cause of death, the following is given: "Pistol shot, self-inflicted." Attached to this statement is the affidavit of the appellee, in which she deposes and says that she is the person who made the foregoing answers, and that:

"I have carefully read the questions and answers therein, and understand the same. That each of said answers is full, complete and true, and made without evasion, concealment, or mental reservation to establish a claim for life benefits which may be due upon certificate No. 339,055 held by Samuel Ludwig Hair, deceased. * * * And in addition to the foregoing, I have caused to be attached a certified copy of the verdict of the coroner's jury and inquest, with a copy of all evidence taken therein, and offer it as a part of required proofs and cause of death."

As a part of the evidence taken at the inquest the appellant offered the affidavit of J. D. Ridgely, which is as follows:

"J. D. Ridgely, being sworn, says that on the evening of December 5, 1914, he was sitting in the lobby of the Elgin Hotel on North Boliver street in the city of Marshall at about 5 o'clock p. m. Mr. S. L. Hair and wife entered a room adjoining the lobby, and in a minute or two he heard a shot fired in the room, and Mr. Hair and wife and a little boy immediately returned to the lobby through the door through which they had entered the room. Mr. Hair had a pistol in his hand. I arose and said, 'Mr. Hair, what is the matter with you?' and he replied that he had said he would do it, and that he would do it, at the same time raising the pistol with the muzzle toward his head, and fired and fell to the floor and expired immediately. And that he knows of no cause that caused him to take his own life. Signed, J. D. Ridgely, and sworn to." •

J. W. Dixon, another witness, testified that he remembered the occasion of Hair's death at the Elgin Hotel; that he went to the hotel about 6 o'clock that afternoon. The body of Hair was still there when he arrived; was on a cot in the lobby. He heard Mrs. Hair make some statements regarding the cause of her husband's death. He said:

"I heard her say—I don't know whether she went through the lobby and went into her room, or Mr. Hair found her in there, or he was in the room; and she said he went to fussing and quarreling with her, and she turned and went on back in the lobby and was not going to fuss with him, and by the time she got in the lobby the pistol fired; and I don't remember whether she said she saw him back there in the door or not, and she turned and sat down in the lobby again, and Mr. Hair came on in there with a pistol, and he said something; don't know whether she told me he said, 'Do it,' or, 'Will do it,' or whether some one else heard it. I don't know."

There was other testimony tending to support the account given by Ridgely in his affidavit of the death of Hair.

The evidence further showed that the bullet which caused the death of Hair entered the head just above the right ear, and came out about the same distance above the ear on the opposite side. There was testimony tending to show that Mr. and Mrs. Hair had been having some domestic trouble, and that this was the culmination of an unpleasant altercation. There was other testimony to the contrary, tending to show that their domestic relations were pleasant, and that there was no known cause for Hair's taking his own life. Mrs. Hair, who was present at the time and an eyewitness to the death of her husband and was doubtless better able to testify as to the presence or absence of any motive for suicide, did not testify upon the trial, and there was no reason given as to why she did not.

[1, 2] It is unnecessary to give a more extended recapitulation of the testimony. Our conclusion is that this evidence is too unsatisfactory to support the verdict rendered. The failure of Mrs. Hair to testify and offer some explanation of an apparently suicidal act of her husband, when the deed was committed in her presence, is not without significance. She doubtless knew better than any other witness what their domestic relations had been, whether there was any motive for taking his own life, and whether the shot was accidental or intentional. It is legitimate to infer that she refrained from testifying because she knew the truth would not help her cause. Mutual Life Ins. Co. v. Tillman, 84 Tex. 31, 19 S. W. 294; Bailey v. Hicks, 16 Tex. 222; Thompson v. Shannon, 9 Tex. 536; Collins v. U. B. F. & S. M. T., 192 S. W. 800, not yet officially published.

The judgment of the district court will therefore be reversed, and the cause remanded for another trial.