## WESTERN SHOE CO. v. AMARILLO NAT. BANK.

### No. 3656.

Court of Civil Appeals of Texas. Amarillo.
Oct. 7, 1931.

470

Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

JACKSON, J.

This suit was instituted in the district court of Potter county, Tex., by the plaintiff, Western Shoe Company, a corporation organized under the laws of Texas, against the Amarillo National Bank of Amarillo, a banking corporation organized under the laws of .the United States, to recover $511.99 evidenced by a check of date April 11, 1929, given to the plaintiff by the H. L. Barnard, Inc. Departments, on the defendant bank.

The plaintiff pleads in detail the alleged facts on which it bases its cause of action and upon which it seeks a recovery.

The defendant answered by general demurrer, general denial, and pleaded the alleged facts relied on by it as a defense.

A written agreement, signed by the attorneys for the parties, discloses the following facts: That the plaintiff, at the times involved, was engaged in the mercantile business in Amarillo, Tex., buying and selling shoes at retail. That H. L. Barnard, Inc., was, on April 11, 1929, engaged in the general business of operating a department store in Potter county. That on April 11, 1929, H. L. Barnard, Inc., executed and delivered to plaintiff the following check:

"H. L. Barnard, Inc. Departments
    "905 Polk Street, Amarillo, Texas.
                            No. 140.
        "Amarillo, Texas, 4—11—1929.
    "Pay to the order of Western Shoe Co. Inc. $511.99. The sum of $511 and 99 cts. dollars "To The Amarillo National Bank, Amarillo, Texas.
        "H. L. Barnard Inc. Departments
        "By Milton L. Hirschfeld, President."

That in due course of business the check was presented to' the defendant bank and payment thereof demanded, which was refused for want of sufficient funds. That at the time of the execution and delivery of the check, H. L. Barnard, Inc., was a depositor of the bank and carried therein two accounts, one under the name of H. L. Barnard, Inc., and one under the name of H. L. Barnard, Inc. Departments.

That on and prior to April 11, 1929, there was on deposit with the bank in the H. L. Barnard, Inc. Departments, account a sum of money in excess of $511.99. That on said day H. L. Barnard, Inc., was indebted to the defendant bank on a note for the sum of approximately $2,500, which note was past-due and unpaid. That for the purpose of paying said note or a part thereof, the bank applied on the payment of the note the sum of $511.99 out of- the H. L. Barnard, Inc. Departments, account, which left an amount in said account insufficient to pay the check in full and payment on the check was refused because of insufficient funds.

That on April 6, 1929, an officer of the bank entered on the ledger sheet of the H. L. Barnard, Inc. Departments, account: "See C. T. Ware or A. H. Ware before paying check. Show sheet each day." That the entry of such set-off was not made on the ledger sheet until April.16, 1929, and the check of the plaintiff was presented on April 13, 1929, for payment and was refused. That had the bank not made such application of the funds of the H. L. Barnard, Inc. Departments, account, there would have been sufficient money in said account to pay the amount of the check. That H. L. Barnard, Inc., was not made a party defendant for the reason that shortly after April 11, 1929, it filed a voluntary petition in bankruptcy and was thereafter adjudged a bankrupt and all of its property sold and the proceeds thereof applied to the liquidation of its indebtedness.

That on December 10, 1928, H. L. Barnard, Inc., executed to the defendant bank its note for the sum of $2,500, payable on January 15, 1929. That during the month of April, 1929, and for some time prior thereto, H. L. Bar-

nard, Inc., was a customer of the bank, carrying an account subject to check. That on March 7, 1927, H. L. Barnard, Inc., opened an account with defendant bank in the name of H. L. Barnard, Inc. Departments. That this account was closed June 20, 1928, and opened again on April 2, 1929. That on said day H. L. Barnard, Inc., withdrew from its account the sum of $1,500 and deposited it to the account of H. L. Barnard, Inc. Departments. That on April 3, 1929, it withdrew from this account the sum of $217.75 and deposited it to the account of H. L. Barnard, Inc. Departments. That on April 4, 1929, it withdrew from its account the sum of $122.92 and deposited it to the H. L. Barnard, Inc. Departments account. That said sums so withdrawn were all the funds that went into the account of H. L. Barnard, Inc. Departments. That the intention of the officer of the bank in making the notation on the H. L. Barnard, Inc. Departments, account: "See C. T. Ware or A. H. Ware before paying check. Show sheet each day," was to set off by the bank the amount of money in the H. L. Barnard, Inc. Departments, account and credit the same to the H. L. Barnard, Inc., note due the bank.

The testimony discloses that H. L. Barnard, Inc., was conducting a mercantile business in a leased building at 905 Polk street in Amarillo, Tex. That the plaintiff, the Western Shoe Company, as lessee, by written contract rented from H. L. Barnard, Inc., as lessor, certain space in said building to be used exclusively by lessee for the purpose of operating a shoe and hosiery department. Under the terms of the written lease the lessee was to purchase, without liability upon the lessor, all merchandise used in such shoe department. That all moneys received from customers through the sale of merchandise by the lessee should be paid to the cashier of the lessor each day and a full, true, accurate, and separate record thereof kept of such moneys; and the lessor agreed to place such money to the credit of the lessee on the day of sale and that the money so received would be held in trust by the lessor for the lessee and an accounting made to the lessee on the 5th and 20th of each month for such funds, but before making remittance thereof, the lessor was authorized to make certain deductions as consideration for the lease, which it is unnecessary to set out.

M. L. Hirschfeld testified, in substance, that H. L. Barnard, Inc., handled all the moneys and accounts and took all the checks paid for merchandise of the Western Shoe Company, depositing such checks and money to the account of H. L. Barnard, Inc., and withdrew the money due the Western Shoe Company from such account and deposited it in the department's account. That the Western Shoe Company owned the merchandise that was sold in the shoe department in the H. L. Barnard, Inc., store. That at the time he opened up the account with the defendant bank for H.

L. Barnard, Inc. Departments, he advised an officer of the bank that it constituted a trust fund. That on April 2, 1929, the day the $1,500 was transferred from the H. L. Barnard, Inc., account to the account of H. L. Barnard, Inc. Departments, and on April 3d and 4th, the dates the other two sums were transferred, he did not talk to any one in the bank relative to the accounts, but made the deposits through the teller's window. That $511.99 of the money transferred from the H. L. Barnard, Inc., account to the H. L. Barnard, Inc. Departments, account, belonged to and was the money of the Western Shoe Company, but that he did not tell any one of that fact at the defendant bank when the money was transferred from one account to the other.

C. H. Berwald, the manager and treasurer of the Western Shoe Company, testified that in April or May, 1927, shortly after opening the business of the Western Shoe Company, he went to the defendant bank and sought a loan in the amount of $1,500. That at that time he advised an officer of the bank that he was operating as a leased department in the store with H. L. Barnard, Inc., and the Western Shoe Company deposits did not reflect the sales of his company, but that the money of the Western Shoe Company was held in trust by H. L. Barnard, Inc., and was paid by it to his company at certain periods. That he had with him the lease contract between H. L. Barnard, Inc., and the Western Shoe Company and read to such officer paragraph 5 of the contract, which is, so far as material to this appeal, as follows:

"All moneys received from customers, through the sale of merchandise by the lessee, shall be paid to the cashier of the lessor each day, who shall keep a full, true, accurate and separate record, open and available at all times for the inspection of both parties hereto; and lessor agrees that it will keep strict account thereof and place same to the credit of the lessee on the day of sale, and that these moneys so received will be held in trust by the lessor for the lessee.

"It is further agreed that reports of all sales made and of all credit charges passed upon, and all refunds to purchasers, and all vouchers issued, shall be issued by the lessor to lessee's department manager daily, and for said purpose lessee shall furnish to lessor the report cards and voucher blanks. The lessee shall be entitled to receive from the lessor, settlement for all sales made by the lessee in the demised premises, and the lessor shall account therefor to the lessee as follows:

"On the fifth and 20th day of each month, for all cash and C. O. D. sales made during the preceding monthly period, and for all charge and will-call accounts on the tenth of the month following that in which said ac-

counts were contracted. Before making such remittance, the lessor shall first deduct the percentage as hereinabove provided for. * * * "

That he advised the officer of the bank that because of the arrangement with H. L. Barnard, Inc., his deposits were made only about three times a month and did not show his daily sales. That the defendant bank declined to make the loan without he furnished security. That shortly thereafter he closed his account with the defendant bank and opened an account with the First National Bank. That the check given the Western Shoe Company by H. L. Barnard, Inc., on the H. L. Barnard, Inc. Departments, account represented the amount of money for cash sales of merchandise sold out of the shoe department and covered the time approximately two weeks prior thereto. That H. L. Barnard, Inc., closed and went into bankruptcy about April 17, 1929.

The case was submitted to the court without the intervention of a jury and judgment rendered that the plaintiff take nothing by its suit and the defendant go hence with its costs, from which judgment this appeal is prosecuted.

The appellant, by several assignments which we will consider together, presents as error the action of the court in rendering judgment against it because the evidence shows that the appellee bank knew that the moneys deposited by H. L. Barnard, Inc., in the account of H. L. Barnard, Inc. Departments, were trust funds, or, in any event, the bank knew sufficient facts to put it on inquiry as to the trust fund character of said deposits and hence was not authorized to appropriate the $511.99, which was a trust fund, as a payment on its past-due note.

The bank offered no evidence to dispute the testimony of M. L. Hirschfeld, secretary of H. L. Barnard, Inc., and C. H. Berwald, manager and treasurer of the Western Shoe Company, relative to the notice these witnesses claim to have given the bank of the trust character of the funds deposited in the bank in the account of H. L. Barnard, Inc. Departments.

" 'Where the proof tends to establish a fact, and * * * it is within the power and to the interest of the opposing party to disprove it if false, the silence of the opposing party not only strengthens the probative force of the affirmative proof, but of itself is clothed with a certain probative force.' Pullman Palace Car Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 624. The failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party. Bailey v. Hicks, 16 Tex. 222; Thompson v. Shannon, 9 Tex. 536.

"Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means to do so are readily accessible to the party. Chandler v. Meckling, 22 Tex. 44; Needham v. State, 19 Tex. 332; Mutual Life Ins. Co. v. Tillman, 84 Tex. 31, 35, 19 S. W. 294." Farmers' Guaranty State Bank v. Burrus Mill & Elev. Co. (Tex. Civ. App.) 207 S. W. 400, 403.

The appellee contends that the court was not required to believe the testimony of these witnesses, as they were both interested parties.

So far as this record discloses, M. L. Hirschfeld was not an interested party. His company, H. L. Barnard, Inc., had been adjudged a bankrupt, its assets sold and the proceeds applied to its indebtedness, and the company discharged.

It has been held that: "A jury cannot arbitrarily discredit a witness and disregard his testimony in the absence of any equivocation, confusion, or aberration in it. It is not proper to submit uncontradicted testimony to a jury for the sole purpose of giving the jury an opportunity to nullify it by discrediting the witness, when nothing more than mere interest in the case exists upon which to discredit such witness." M. H. Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, 972. See, also, Golden v. First State Bank of Bomarton (Tex. Civ. App.) 38 S.W.(2d) 628, and authorities cited.

This case having been submitted to the court without the intervention of a jury, the trial judge in determining the facts, in our opinion, is controlled by the same rules as a jury would be in passing upon the facts, and if a jury cannot arbitrarily discredit a witness and disregard his testimony because of his interest, neither could the trial judge.

In Interstate National Bank v. Claxton, 97 Tex. 569, 80 S. W. 604, 607, 65 L. R. A. 820, 104 Am. St. Rep. 885, in passing upon the right of a bank to apply a trust fund on deposit with it to the payment of a debt owing to it, the Supreme Court says: "In attempting to acquire such a right or benefit the bank becomes a party to the action of the trustee, and stands as any other person dealing with one holding property in a fiduciary capacity. The question of notice of the title of the person holding the property and his power over it arises, and a bank cannot, any more than any other person, acquire that which belongs in equity to another, if it have notice of his rights;"

In Steere et al. v. Stockyards National Bank, 113 Tex. 387, 256 S. W. 586, 590, 258 S. W. 1042, the Supreme Court, in answer to a certified question, in an opinion written by the Commission of Appeals, quotes with approval this language:

"The decided weight of authority is to the effect that where the bank, in which funds in which third persons have an interest are deposited in the individual name of the depositor, has neither actual knowledge, nor notice of facts sufficient to put it upon inquiry, as to the true character of the deposit, it may apply the deposit to the individual debt of the depositor. * * *

"Where the bank, although having no actual notice of the character of funds deposited with it, has knowledge of circumstances such as are regarded as sufficient to necessitate inquiry upon its part, the general rule is that the bank cannot, as against the true owner, set off such funds against the individual indebtedness of the depositor to the bank."

In addition to the testimony of Hirschfeld and Berwald that they had advised the bank that the moneys placed in the H. L. Barnard, Inc. Departments, account was a trust fund, the evidence is that the provisions in the written lease contract between the appellant and H. L. Barnard, Inc., requiring that the money be held by H. L. Barnard, Inc., for the appellant as a trust fund, was read to the official of the bank. It is unquestioned that the officer of the bank with whom these transactions were had was authorized to represent, and did represent, the bank on these occasions in his official capacity and that he was not acting in his individual capacity. Therefore, whatever knowledge this official had was the knowledge of the bank, acquired by its duly authorized officer acting in its behalf. The account which the bank was advised would constitute a trust fund was opened on March 7, 1927, and closed June 20. 1928, and reopened on April 2, 1929, and deposits made to the account of H. L. Barnard, Inc. Departments. The evidence is that the $511.99 in this account was the money of appellant.

Under these authorities and this record, we are of the opinion that the appellee bank was in possession of sufficient facts to place it on inquiry as to the character of the fund carried in the account of H. L. Barnard, Inc. Departments. U. S. F. & G. Co. v. Adoue & Lobit, 104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 667; Central Nat. Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693; Arnold v. San Ramon Valley Bank, 184 Cal. 632, 194 P. 1012, 13 A. L. R. 320, and notes, page 324.

The appellee did not plead or prove that it lost or would probably have lost its debt without the application of this $511.99 upon the note of H. L. Barnard, Inc. If the moneys appropriated was a trust fund and belonged to appellant, the bank could not credit the funds of appellant to the payment of its debt if it had notice of the trust fund character of the money or if it knew sufficient facts to put it on inquiry as to the character of the funds. If it was not a trust fund, the bank was authorized to make the application as it did, and under our view of the case, as presented by the record, whether the bank lost, or would probably have lost, is immaterial.

The record suggests that the case was not fully developed on the former trial, and the testimony being sufficient to show that the appellee had knowledge of sufficient facts to put it on inquiry as to the character of the fund it applied to its note, the judgment is reversed, and the cause remanded.