**REILLY v. BUSTER et ux.**

No. 3860.

Court of Civil Appeals of Texas. Amarillo.
July 6, 1932.

Rehearing Denied Sept. 7, 1932.

D. A. Frank and W. P. Bondies, both of Dallas, and Reeder & Reeder, of Amarillo, for appellant.

Sanders & Scott, of Amarillo, for appellees.

HALL, C. J.

This is an action by S. W. Buster and wife, Mary Frances Buster, against C. A. Reilly for damages in which the appellees. Buster and wife, allege that Mrs. Buster sustained injuries on the night of September 20, 1931, as a result of being struck by a truck belonging to the appellant, defendant below, traveling on the highway between Amarillo and Canyon.

The substance of Reilly's answer is contributory negligence, existence of a new and independent cause, and unavoidable accident.

Special issues were submitted to a jury, and based upon their verdict there was a judgment in favor of plaintiffs for the sum of $3,259.50.

The court defined ordinary care as "that degree of care which an ordinarily prudent person would exercise under the circumstances," and defined negligence as a failure to use ordinary care and "as the doing of that which an ordinarily prudent person would not do or the failure to do which an ordinarily prudent person would do under the circumstances." The appellant objected to the court's definition of ordinary care because "the Court does not tell the jury under what circumstances the care required by an ordinarily prudent person would become ordinary care," and objected to the court's definition of negligence because it "does not

tell the jury under what circumstances the actions of an ordinarily prudent person or the failure of such a person to act would become negligence." Based upon these objections, the appellant insists that the court should have defined the terms as being a failure to use such care as an ordinarily prudent person would exercise "under the same or similar circumstances," and should have defined negligence as doing that or the failure to do that which an ordinarily prudent person would or would not do, under the same or similar circumstances.

■■ We are not prepared to hold that the omission of the words "under the same or similar circumstances" is reversible error. G., H. & S. A. Ry. Co. v. Serafina (Tex. Civ. App.) 45 S. W. 614; McDonald v. I. & G. N. Ry. Co., 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803. But, if it be admitted that such omission is error, no objection was made to the definitions upon that ground. The objection is that the court failed to tell the jury "under what circumstances." Reference to the definition shows that the court charged the jury that ordinary care is that degree of care which an ordinarily prudent person would exercise under "the circumstances," and that negligence was the failure to use ordinary care or the doing of that which an ordinarily prudent person would not do or fail to do under "the circumstances," so the court did instruct the jury what circumstances to consider. "The circumstances" were clearly the circumstances disclosed by the evidence, and were such circumstances, of course, as the jury could alone consider. If the objection had been specific, as is required by the statute, appellant would be in a position to complain here.

Judge Phillips said in Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 134, 187 S. W. 184, 187, that, in order to obtain a review of the charge because of any error therein, an objection to the charge in the particular complained of must be presented to the trial judge before the charge is read to the jury. See Isbell et al. v. Lennox, 116 Tex. 522, 295 S. W. 920. The objections considered in the instant case did not complain of the charge in the particulars urged in the propositions. In fact, the charge as given was not subject to the particular objections urged.

Moreover, the pleadings charge that the appellant was guilty of negligence per se, in (1) driving on the wrong side of the highway, (2) at an illegal rate of speed, (3) driving an overweight vehicle, and (4) failing to slow down and have the truck under control. The evidence sustains the allegations. T. & P. Ry. Co. v. Baker (Tex. Com. App.) 215 S. W. 556, 557, states the rule as follows: "A duty being imposed by statute, a breach thereof, resulting in an injury, of the character which the statute sought to prevent,

to one for whose advantage it was enacted, itself constitutes negligence without reference to the degree of care exercised, or of reasonable anticipation of an injury. The performance of the duty does not depend upon, nor is it controlled by, surrounding circumstances. One breaching a statutory duty cannot be heard to say that its breach was consonant with any degree of care. The statute itself charges one that its violation will result in an injury of the character sought to be prevented in its enactment."

■ The appellant introduced no testimony, and the uncontradicted evidence introduced by appellees shows: That Buster and his wife were going from Amarillo south to Canyon about 10 o'clock at night. They saw cars standing in front of them on both sides of the highway. They stopped and parked their car on the right-hand side of the pavement and walked to where some of the parties had been injured in a wreck. That one Mitchell went to get some water for an injured lady who was three or four feet off of the pavement. That Mrs. Buster was standing right at the edge of the pavement, facing west. That the injured lady screamed, which caused Mrs. Buster to look around, when she saw the truck driven by appellant's employee, and she immediately jumped west to avoid the on-coming truck, but was struck and fell to the ground. The truck which injured her is shown to have been traveling about 35 to 40 miles per hour, and was going north, and at the time of the accident was west of the center of the road, in violation of the plain letter of the statute. It was further shown that it had dim lights, and did not check its speed as it approached the point where the two cars had previously been wrecked. That she was knocked down and the rear wheel of the truck ran over her. That just before Mrs. Buster was injured she was standing either on the west edge of the pavement, which was eighteen feet wide, or just off of the pavement on the shoulder of the road, where she could not have been hit by the truck, unless the chauffeur Carlton was driving it west of the center of the road. Furthermore, if it be admitted that the definitions given by the court were erroneous, the error was in favor of the appellant, since it will be observed that the definitions limited the jury to the circumstances disclosed by the evidence. If error, it was one of which the appellees alone could complain.

For the reasons stated, these propositions are overruled.

■ The court defined contributory negligence as follows: "Contributory negligence as that term is here used means an act or omission amounting to want of ordinary care on the part of the plaintiffs or either of them, which concurring, if it does, with the negligence, if any, of the defendant, is the prox-

imate cause of the injury or injuries, if, any, suffered by the plaintiff."

Under the facts of this case, we think it was a correct definition. T. & N. O. Ry. Co. v. Rooks (Tex. Com. App.) 293 S. W. 554; Koons v. Rook (Tex. Com. App.) 295 S. W. 592.

■ In connection with the definition of proximate cause, the court instructed the jury that it need not be the sole cause of the result, but that it must be either the sole cause or a concurring cause which contributed to such result. We think the instruction was proper. Bergman Produce Co. v. American Ry. Express Co. (Tex. Civ. App.) 262 S. W. 891, 893; Amarillo Traction Co. v. Russell (Tex. Civ. App.) 290 S. W. 905, 907; H. & T. C. Ry. Co. v. Oram (Tex. Civ. App.) 92 S. W. 1029; S. A. & A. P. Ry. Co. v. McBride & Dillard (Tex. Civ. App.) 116 S. W. 638.

■ Complaint is made of the action of the court in submitting this issue: "Was the plaintiff, Mary Frances Buster, struck by a truck at the time and place alleged in plaintiffs' petition?" because the court did not properly instruct the jury as to the burden of proof. It was not contended that Mrs. Buster was not struck at the time and place alleged; there is no conflict of the evidence upon the issue, and it is therefore immaterial, and, since it was not necessary to submit it, it is also immaterial where the burden of proof rested.

Proposition No. 6 complains of the submission by the court of ten different special issues. This proposition is multifarious, and cannot be considered.

■ It is insisted by the seventh proposition that special issue No. 4, inquiring: "Were the injuries sustained by the plaintiff, Mary Frances Buster, caused by an unavoidable accident?" improperly places the burden of proof upon the defendant instead of the plaintiffs.

A sufficient reply to this contention is that there is no evidence raising the issue of unavoidable accident.

As said in American Glycerin Co. v. Kenridge Oil Co. (Tex. Civ. App.) 295 S. W. 633, 635: "Where the cause of an accident is unknown and the evidence fairly raises the issue that it happened without the fault of any one, and from a cause different to that claimed by plaintiff, a question of unavoidable accident arises."

We have no such case before us, because, as stated, the appellant introduced no testimony whatever. The uncontroverted evidence of the appellees' witnesses is that Mrs. Buster was struck by a truck driven on the left-hand side of the road, and was knocked down and injured by the impact. As said by this court in Miller v. P. & S. F. Ry.

Co., 35 S.W.(2d) 194, 202, there is an unavoidable accident only where there is an absence of negligence, or, as the doctrine is expressed in Dallas Ry. Co. v. Alexander (Tex. Civ. App.) 23 S.W.(2d) 512, the issue of unavoidable accident arises only when there is evidence tending to show that the accident in controversy which is charged to have resulted from negligence of the defendant happened from some unknown cause or in a manner which cannot be explained or under circumstances differing from those relied on and constituting part of plaintiff's cause, which circumstances rebut the charge of alleged negligence for which defendant is responsible. Six witnesses, including the plaintiffs, testified positively to all the facts and circumstances showing that Mrs. Buster was injured as a result of being struck by a truck, and, if their testimony is to be believed, the defendant's driver was guilty of negligence per se.

■ By the eighth proposition it is insisted that plaintiffs failed to make out a case, in that it was not shown that appellant was the owner of the truck which injured Mrs. Buster; that the driver of the truck was the agent of the defendant or was engaged in the line of his duties as such agent at that time.

This contention is without merit. The witness Mitchell, who was going to Canyon in the truck with Buster and his wife, testified that, after he noticed Mrs. Buster lying on the ground, right after the truck passed: "I went down to where the truck had stopped, about 150 yards, the motor was still running. It had a trailer on it. No one was on the truck and I started back and met G. R. Carlton and talked with him and he went and got in the truck and drove towards Amarillo. Afterwards I was in Mr. Reilly's office and he told me that on the Sunday night that Mrs. Buster was injured his truck was at Hereford and left Hereford for Amarillo, about 9:30 o'clock that night."

J. D. Barker testified: "I had a conversation with Mr. Reilly about Mrs. Buster being injured out on the highway. In substance Mr. Reilly told me that G. R. Carlton worked for him and that he had always made him a good man and he said he thought he would have told him about this accident had it happened out on the highway. He said that the boy did not come to him next morning after bringing the load in from Hereford. He said that he was expecting Carlton in about 12 o'clock."

The appellant, Reilly, testified by deposition in part: "I am the owner of Amarillo Transfer Co. I had in my employ G. R. Carlton. I will not say what truck Carlton was driving on the trip to Hereford, Texas, and was supposed to have stopped out here on the highway where a collision took place, but as my contract with him was to drive the Graham,

the circumstances and supposition is that he was driving the Graham. He is just an employee, has been working for me two or three years. It would be Carlton's duty to make trips on the order of my office girl. I had him employed in the capacity of a truck driver. It is my best recollection that G. R. Carlton was working for me on the 20th of September when this accident occurred. As an employer of Mr. Carlton and owner of Amarillo Transfer & Storage Company, I made an investigation as to whether or not he was operating my truck out there on that day. That was a Graham truck. I have a permit to run one Graham truck on the highway. That was the Graham truck."

██ Carlton did not testify. The answers of Reilly show that they are in a measure evasive and incomplete.

As said in 17 Tex. Jur. 302, § 86: "The suppression of testimony may be considered as a circumstance against the party suppressing it, and gives rise to a presumption that the evidence suppressed would have been against his interest. Where a party to an action fails to produce evidence which he could have produced, and which it was his duty to produce, it will be presumed that if produced it would have been unfavorable to him, and would have operated against him, and every intendment will be in favor of the opposite party. Such an unfavorable presumption may arise, for example, from the failure of a party to produce testimony peculiarly within his knowledge, or his failure to call witnesses who have knowledge of the facts, especially his own agents, or servants. * * * And a presumption of negligence arises from a failure to produce evidence or to explain when explanation or disclosure would negative the inference of negligence."

Section 87, Id., states this rule: "Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him. The failure of a party to take advantage of an opportunity to explain inculpatory circumstances is evidence against him, and his failure to produce evidence in his possession which might have rebutted a presumption against him strengthens such presumption. Where a party does not in any way seek to contradict the testimony of his adversary on a particular point, the presumption is that he has no testimony to controvert it; and when the proof tends to establish a fact, and at the same time discloses that it is within the power and interest of the opposite party to disprove it, the silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force."

The testimony quoted above is certainly sufficient to have required the appellant, Reilly, to produce Carlton as a witness or to bring evidence from his office showing when the truck in question left Hereford and when it arrived at Amarillo. So far as the record shows, he never consulted Carlton to ascertain whether the latter was the driver of the truck, notwithstanding the fact that there was a suit pending against him for damages growing out of the alleged negligence of Carlton on the occasion in question. He did not attend the trial, but his evidence was taken by the opposite party.

As said in 17 Tex. Jur. § 155: "Since the failure of a party to an action to produce evidence which he could and should have produced gives rise to an inference or presumption that if produced it would have been unfavorable to him, testimony tending to show that a party suppressed or failed or refused to produce testimony which it was his duty to produce is admissible."

██ A fundamental rule of evidence is that a jury may presume the existence of certain facts from proof of others. That Carlton was driving the truck in question is sufficiently established by testimony showing that after the accident he returned to the truck and drove it away from the scene of the trouble. The court would have erred in instructing a verdict for the defendant upon this theory.

██ By propositions 9, 10, and 11, the appellant insists that the court erred in refusing his special instructions submitting affirmatively the issue as to whether plaintiffs were precluded from recovering under the doctrine of imputed negligence.

The substance of the issues requested is: (1) Did S. W. Buster fail to keep a proper lookout for the safety of his wife and whether such failure was the sole proximate cause of plaintiffs' damages, if any? (2) Did Mary Frances Buster fail to keep a proper lookout for approaching vehicles so that she could avoid a collision with the same, and was such failure the sole proximate cause of her injuries? (3) Did S. W. Buster fail to look after and guard his wife from putting herself in a position of danger, and was such failure a sole proximate cause of the damages, if any?

The court submitted these issues in almost the same language in the general charge and the additional issue of whether S. W. Buster failed to remove his wife from her dangerous position on the highway after he saw, if he did see, an approaching automobile. The court did not err in refusing the special issues requested, and under the undisputed evidence the issues submitted by the court should not have been submitted, for the reason that there is no evidence whatever authorizing their submission.

■ The testimony shows: That Mrs. Buster was standing on the west edge of the paved part of the highway, or just off of that edge, with her back to the center of the highway. That Buster was standing immediately to her left, also looking toward the west, both of them being interested in a lady who had been injured in the previous wreck at that point, to whom Mitchell had brought a drink of water. Buster testified that he did not hear the defendant's truck approaching from the south. That there were several cars in the vicinity of the wreck. That he heard his wife scream, and looked to the right, and saw her, and that a light was shining on her face. That he then turned his head to the left (looking to the south), and, as he did, the truck passed within a few inches of his shoulder, and when he turned to look at his wife she was lying on the ground or against Mr. Mitchell. That, when he heard his wife scream and looked at her and saw the light shining in her face, he naturally turned to see where the light was coming from, and looked over his shoulder, and, when he looked back toward his wife, the truck was going so fast it had passed. It was not denied that the truck was traveling north on the west or wrong side of the highway. The rule is that, where the defendant's vehicle is traveling on the left or wrong side of the highway, the plaintiff cannot be held to have been responsible on the score that he failed to look in the direction from which the vehicle was approaching. There is no element of contributory negligence in the record chargeable to S. W. Buster or his wife, and, because the whole occurrence was within a moment of time, the doctrine of imputed negligence is not in the case. According to the uncontradicted testimony, Buster did not see that his wife was in any danger, and he had no time to either warn her or move her out of the way of the truck which was traveling at an unlawful rate of speed and on the wrong side of the road. Shaver v. Mason (Tex. Civ. App.) 13 S.W.(2d) 450; Posener v. Long (Tex. Civ. App.) 156 S. W. 591 (writ of error refused). The jury could not arbitrarily refuse to believe Buster's testimony and find to the contrary. Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788.

■ The next contention is that there is a misjoinder of parties plaintiff. This is submitted under an assignment of error as to misjoinder of causes of action. This contention is without merit. As held in San Antonio Street Railway Co. v. Helm and wife, 64 Tex. 147, 149, it is not error for the husband to join the wife in an action of damage for injuries to her unless it appears from the record that injury has resulted to the defendant by reason of such misjoinder and no injury is shown in this case.

No error is shown by this ruling. Western Union Telegraph Co. v. Morrow (Tex. Civ. App.) 208 S. W. 689.

■ The thirteenth proposition attacks the action of the court in permitting plaintiffs' counsel to read the ex parte deposition of C. A. Reilly, the defendant.

It appears that plaintiffs' counsel had a commission issued to take the ex parte deposition of the defendant, Reilly, in response to questions to be propounded orally.

Under R. S. art. 3752 et seq., provision is made for the taking of the testimony of either a witness or a party to the suit orally, but reference to the record shows that no notice of plaintiffs' intention was served upon the opposite party as required by the statute, and that, because of the failure of plaintiffs to have the deposition taken in accordance with the formalities prescribed by the statute, the answers of Reilly, the defendant, were not admissible under the statutes. It appears that Reilly, upon being requested by the notary, went to the latter's office at the appointed time, and that one of plaintiffs' counsel was present; that he was sworn to tell the truth, the whole truth, and nothing but the truth; that he answered the questions propounded to him; that his answers were reduced to writing by the notary; and that he signed and swore to the answers so written. While this statement was not admissible as a deposition, it was clearly admissible under the fundamental rule of testimony relating to declarations and admissions by a party to the suit.

In the case of Parker v. Chancellor, 78 Tex. 524, 15 S. W. 157, 158, the court permitted the deposition of a party which had been suppressed on account of informality to be read over the objections of the opposite party. Judge Gaines said: "This was not error. The note of the judge appended to the bill of exceptions, shows that before the evidence was admitted it was proved by a witness, who was present while the deposition was taken, that he saw the plaintiff subscribe her answers. The answers were properly admitted. As admissions of the plaintiff, they were proper evidence for the defendants"—citing Lacoste v. Bexar County, 28 Tex. 420; Edwards v. Norton, 55 Tex. 405.

In the Edwards v. Norton Case, objections were made to the introduction in evidence of depositions taken by Edwards at his own instance which had been suppressed because of informality in the indorsement. The court said: "The objection is, that the admissions of Edwards, made after he had parted with all interest in the subject matter of the suit, were not evidence against them. But Edwards was still a party defendant, and his answers to interrogatories irregularly taken, like any other admission of his, were good evidence against him"—citing the Lacoste Case, supra, and 1 Greenleaf on Evidence, § 552.

In the case of Bilger v. Buchanan (Tex. Sup.) 6 S. W. 408, 409, Judge Willie said: "Objection was made to reading Bilger's depositions in the case between O'Hara and Bonner. The objection amounted to this: that the depositions were not properly taken, as is required in case of depositions given under the statutes. It is not objected that the statements of Bilger were not proven by the testimony of the officer before whom they were made. Bilger's admissions made in those depositions were good testimony against himself. It mattered not that there was no commission, or whether they were made under oath before a proper officer. If they had been made privately to an individual, they should have been received, if proven by the party in whose presence they were made. They were not so proven; but objection was not made on that ground, and as against all the objections taken, they were properly admitted."

As shown by the court's qualification appended to the bill of exceptions, appellees' attorney, Scott, testified that he conducted the examination of the defendant when his ex parte oral deposition was taken in the office of W. A. Palmer in Amarillo, and heard the answers to the interrogatories and saw the depositions signed, and that the questions and answers shown in the deposition before the court were the same questions and answers that were repeated before the notary, W. A. Palmer, when the defendant's deposition was being taken. This sufficiently authenticates the statement, and, being a qualification to the bill of exception, appellant is bound by it.

The statement being admissible, the court did not err in refusing to permit the defendant's counsel to withdraw his announcement of ready for trial and file a motion to quash it as an informal deposition.

The contentions with reference to the deposition are predicated, in part, upon the fact that appellant's counsel had never seen the deposition before it was offered in evidence, and, as asserted in the brief, they did not know that Reilly's deposition had been taken. The fact remains that Reilly knew it, and, if he failed to inform his attorney, the result is the same as if his attorneys knew it.

This question was propounded to J. S. Mitchell by appellees' counsel: "I will ask you to state whether or not Mr. Reilly there at that time made any statement about having a truck at Hereford, Texas, on the night of the 20th of September, 1931." Appellant's counsel objected upon the ground that it was leading.. The objection was overruled. We think the ruling of the court is proper. At any rate, if it is objectionable as leading, Reilly practically admitted the fact in the deposition which was introduced, although his answers are to some extent evasive. This question and answer as recorded in the deposition was admitted: "Now; in reference to this truck that Mr. Carlton was driving on the 20th of September, being known as the Graham truck which you operated over the highway and contracted hauling at that time, you had that truck licensed here in Amarillo, did you not? Answer: Yes, sir."

The next six propositions relate to alleged improper argument by plaintiffs' counsel. The substance of counsel's remarks may be stated as follows: It is our position as representing plaintiffs to picture to you what has happened to our client and the way it has happened and then to ask you to do justice to our client by meting out to her such justice as you think she deserves—that is, by giving to her money damages—that is the only way to compensate her relatives just by money damages. It is very inadequate in many cases. The objection to this is that it is such an argument as could have been made only where the case was submitted upon a general charge. We see nothing improper in appellees' counsel urging the jury to deal justly with his client. He was employed for that purpose, and, since he was contending for damages in his pleadings, there was no harm in asking the jury to award her damages, although, as he stated, damages are very inadequate in many cases.

Counsel further stated: "And he" (meaning appellant's counsel) "asked you this question: if any of these things are not true. if this was not C. A. Reilly's truck, if Carlton were not working for C. A. Reilly and his agent at the time, why in the name of Heaven's sake did not C. A. Reilly come here and say so and why did not he bring Carlton here and let Carlton say so? The evidence shows that and from the mouth of C. A. Reilly himself. He says that Carlton was and is in the employ of C. A. Reilly and why did not he bring his employee here?" Counsel then asserted that, if the accident which happened out there was just exactly as plaintiffs said, and did not involve the negligence of the defendant and his man Carlton, if he was not driving the automobile at the speed plaintiffs' witnesses said he was, and in the manner in which they had said, then why in the name of high heaven was not Reilly there to deny it and why was not Carlton here?

The ground of the objection was not stated, and we see nothing improper in this argument.

Counsel further argued that it was the duty of Reilly to have Carlton there, he was his employee, and that, if the truck at the time it struck Mrs. Buster was not being used to carry on Reilly's business, why did he not bring Carlton there to so testify.

It is said in 17 Tex. Jur. 308, § 88: "Generally the failure of a party to an action to testify raises a strong presumption against him and his failure or refusal when testifying to disclose a fact exclusively within his

knowledge, or to explain the transaction involved, if afforded an opportunity to do so and the fact that he suppresses evidence, fails to disclose or state all of the facts within his knowledge, raises a presumption or may be considered as circumstances against him."

No explanation was attempted by Reilly of why he did not appear as a witness. The evidence showed that Carlton at the time of the accident was driving a Graham truck belonging to Reilly, and was his agent and employee. The presumption obtains that that relation still existed at the time of the trial.

As said in First National Bank v. Brown (Tex. Com. App.) 15 S.W.(2d) 563, 564: "A 'material fact' * * * 'capable of proof, but not proved, is presumed not to exist.' "

■ The failure of either party to produce testimony or to testify when they have an opportunity to do so may not only be shown to the jury as a basis for a presumption against such party, but it is also a legitimate matter for argument. Texas Electric Railway Co. v. Gonzales (Tex. Civ. App.) 211 S. W. 347; Missouri Pacific Ry. Co. v. White, 80 Tex. 202, 15 S. W. 808; G., H. & S. A. Ry. Co. v. Duelm, (Tex. Civ. App.) 23 S. W. 596; Id. (Tex. Civ. App.) 24 S. W. 334, 337; G., H. & S. A. R. Co. v. Duelin, 86 Tex. 450, 25 S. W. 406; H., E. & W. T. Ry. Co. v. Boone, 105 Tex. 188, 146 S. W. 533; Id. (Tex. Civ. App.) 131 S. W. 616; McCullough v. McCullough (Tex. Civ. App.) 20 S.W.(2d) 224.

This court said in Western Shoe Co. v. Amarillo National Bank, 42 S.W.(2d) 469, 472: " 'Where the proof tends to establish a fact, and * * * it is within the power and to the interest of the opposing party to disprove it if false, the silence of the opposing party not only strengthens the probative force of the affirmative proof, but of itself is clothed with a certain probative force.' Pullman Palace Car Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 624. The failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party. Bailey v. Hicks, 16 Tex. 222; Thompson v. Shannon, 9 Tex. 536. Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means to do so are readily accessible to the party"—citing authorities.

■ The evidence shows that the accident occurred about ten miles south of Amarillo, and that Reilly and Carlton resided in Amarillo. The case was tried at Canyon, which this court judicially knows is twenty miles from Amarillo. No·effort was made to show why Reilly and Carlton were not present, and there is no testimony which tends to excuse their absence. Some of the cases above cited hold that appellees' counsel had the right to argue the fact of their absence, and we find no authorities to the contrary.

■■ One of plaintiffs' counsel stated to the jury: "I say in the name of God the only sympathy shown here to anybody in this case is the sympathy that Mary Frances Buster was showing for those injured people on the highway between here and Amarillo on the night of September 20, 1931, when she was playing the part of a Good Samaritan." The trial court qualified the bill of exception in which he states, in part: "The following sentence used by counsel E. T. Scott immediately preceding the quoted statement in this bill of exception, to-wit: 'They say they have sympathy for her' should be incorporated in the bill where it belongs immediately preceding the quoted argument of counsel, E. T. Scott." Counsel for the defendant in their argument had stated to the jury, in substance, more than once that the defendant sympathized with Mrs. Buster, but did not feel that they were responsible, and further argued that the jury in making up their verdict should not be swayed by any sympathy. Having accepted the bill of exceptions with this qualification, appellant is bound by it, and it certainly was a legitimate argument in reply to the often asserted sympathy that the defendant had for Mrs. Buster.

■ The next contention to be considered is that the verdict for $2,875 for a simple fracture of the bones of a lower limb of a woman not shown to be earning any money, and there being no evidence of her age or life expectancy, was excessive.

The proposition does not correctly reflect the record. The doctor said that she was in considerable pain; that both bones of her leg were broken; that abrasions about the ankle and bruises about four inches below her knee, in addition to the fracture, appeared when she was brought to the hospital; that her leg was skinned and a big clot of blood developed just below the knee; that the abrasion when incased changed to an ulcer below the fracture and over the ankle; that the broken leg was in a cast for three or four weeks; that her toes became discolored, and that the fracture will cause trouble, because the alignment at the ankle joint is not perfect; that, when the first cast was taken off, they found the ulcer, and in putting on the second cast it was necessary to cut a big hole in it on account of the dressings; that the ulcer did not materially improve for three weeks and that she suffered from it about two and a half or maybe three months; that the place below her kneecap was open and the blood drained out; that there will always be a shortening of the bone from one-half to three-fourths of an inch; that the bone on one side is out of alignment the big bone has slipped. It ap-

peared that the cast was still on her leg at the time this witness testified. The doctor further testified that her ankle was damaged permanently and was weakened to the extent that instead of the fibula holding the ankle tight it bulged out; that the ligaments were torn; that he did not expect her to put her weight upon that leg for six months.

In the light of this uncontradicted testimony we cannot say that the verdict is excessive.

■ The court asked the jury what amount, if any, had the plaintiff S. W. Buster incurred as a result of the injury to Mary Frances Buster. We cannot say from the meager statement of the brief with reference to this contention whether or not any evidence of expenses was introduced, what expenses were incurred, if any, or whether the jury took the items into consideration in fixing the amount of the verdict. The burden is upon appellant to show error with reference to this proposition. When the court asked what amount of expenses, if any, there was no assumption that expenses had been incurred, and, when he said as a result of the injury to Mary Frances Buster, he simply stated a fact which had not been denied by any witness. This also disposes of the twenty-fourth proposition.

Since it does not appear that the jury in answering special issue No. 16 took into consideration any of the matters referred to, we cannot say that the issue permitted the jury to award a double recovery. However, the objection to the issue was that it placed upon the defendant a greater burden than that required by law. The assignment does not inform us why the issue authorizes a double recovery, and this defect is not apparent from a perusal of the issue.

The appellant complains because the court did not submit his defenses of new and independent cause.

We have carefully reviewed the statement of facts, and it is our opinion that this issue was not raised either by the pleadings or the evidence. Appellant pleads that the plaintiffs were driving on the highway at night in perfect safety, and stopped their car and walked to the scene of the accident, where the wreck had occurred between two automobiles, and exposed themselves, and especially Mrs. Buster, to the danger of passing automobiles; that the wreck between cars belonging to parties unknown to them distracted the attention of Buster so that he failed to warn his wife of her danger, and distracted her attention so that she failed to notice her position on the pavement and failed to keep a proper lookout for her safety, and caused her to place herself in a position where she would be struck by any passing motor vehicle and where she could not be seen by the drivers of approaching vehicles.

■ A new and independent cause which breaks the connection with the original cause and becomes solely responsible for the result in question must be a proximate cause and an independent cause entirely superseding the original action and rendering its effect in the causation remote.

The facts alleged do not constitute negligence in any sense. Buster and his wife saw there had been a wreck on the highway; that the occupants of the wrecked cars needed help. The fact that they stopped their own car near the wreck and walked down to the scene of the trouble is certainly not negligence. Highways are not limited to travelers in vehicles. They walked on the right-hand side of the road, and, together with Mitchell, were trying to render assistance to an injured woman. There is certainly no negligence in that. They were not required, even if they had been standing immediately west of the center of the road, to keep a lookout for a truck which the law required to be on the east side. If it be admitted that their act in standing on the edge of the paved part of the highway contributed in any degree to the injuries of Mrs. Buster, it was not a new cause, because she had been standing there some minutes before appellant's truck reached the scene of the accident, and in no sense was it an independent cause, for, if appellant's truck had been driven on the east half of the road, she could not have been injured. If it be admitted that her act in standing on the edge of the pavement giving attention to an injured woman was negligence, the driving of the truck was the new cause or the intervening cause, and the record shows that it was certainly an independent cause. Moreover, it shows that it thereby became solely responsible for the result. Moreover, it entirely superseded her action (which we admit, for the purpose of this discussion, was negligence) in standing on the edge of the pavement and made its effect in the causation remote.

In the case of Alice, Wade City & C. C. Telephone Co. v. Billingsley, 33 Tex. Civ. App. 452, 77 S. W. 255, 257, Judge Neill clearly states the law with reference to a new and independent cause. He says: "The inquiry must always be whether there was any intermediate cause, disconnected from the primary fault and self-operating, which produced the injury. * * * Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but, as a rule, these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and it must be of such a character that

**530**

they could not have been foreseen or anticipated by the wrongdoer."

If Carlton had suffered an injury instead of Mrs. Buster and had sued, and the defendant's answer had charged him with contributory negligence, then the rule just announced would have prevented his recovery. Judge Neill further says:

"If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be the efficient cause of the injury. The intermediate cause must supersede the original wrongful act or omission, and be sufficient of itself to stand as the cause of the plaintiff's injury, to relieve the original wrongdoer from liability. 'One of the most valuable of the criteria furnished us by the authorities is to ascertain whether any new force has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened, of itself sufficient as the cause of the misfortune, the other must be considered too remote.' "

Tested by this rule, there can be no doubt that the issue of new and independent cause has not been raised in this case by either the pleadings or the evidence. P. & S. F. Ry. Co. v. Sledge (Tex. Civ. App.) 31 S.W.(2d) 146; Gonzales v. Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17; Wehner v. Lagerfelt, 27 Tex. Civ. App. 520, 66 S. W. 221; North American Accident Association v. Adams (Tex. Civ. App.) 32 S.W.(2d) 525. This contention is overruled.

For the reasons stated, the refusal of the court to submit the issue of sole proximate cause was not error.

We find no reversible error, and the judgment is affirmed.